## H. H. HARRINGTON v. THE STATE.

1. CRIMINAL LAW. *Indictment. Alteration of record. Code* 1871, § 2489. *Wittingly.*

   An indictment, under § 2489 Code 1871, for the alteration of a record, must charge that the alteration was "*wittingly*" done; and, if it charges that it was done *willingly*, is fatally defective, and should be quashed on motion.

2. SAME. *Statutory offence. How charged.*

   While it is not always necessary to follow the literal language of the act in framing indictments for statutory offences, it is essential that either the same words, or words equivalent in meaning and substantially synonymous, should be used.

3. RECORD. *County warrant is not. Code* 1871, § 2489.

   A court-house and jail warrant, drawn by the clerk of the board of supervisors on the county treasurer, is not a record, and it is not an offence, under § 2489 Code 1871, to alter the number thereon.

4. INDICTMENT. *Certainty.*

   An indictment, under § 2489 Code 1871, for altering a record, which leaves it doubtful whether the alteration charged consisted in changing the number on the warrant or the entry of the number in the record-book, does not fulfil the certainty to a certain intent in general, essential in indictments.

5. ALTERATION OF RECORD. *Code* 1871, § 2489. *Indictment must charge intent to benefit or injure.*

   An indictment, under § 2489 Code 1871, is fatally defective if it does not charge that the alteration of the record was made with intent to injure or benefit some one.

6. INDICTMENT. *Statutory offence. How charged.*

   Though, as a general rule, it is sufficient to charge a statutory offence in the words of the statute, yet this rule does not apply where there are, in the language of the statute, no sufficient words to define any offence.

ERROR to the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

Sect. 2489 Code 1871 provides as follows: "If any clerk of any court, or public officer, or any other person, shall wittingly make any false entry, or erase any word or letter, or change any record belonging to any court or public office, whether in his keeping or not, he shall, on conviction thereof, be imprisoned in the penitentiary, for a term not exceeding

ten years, and be liable to the action of the party aggrieved for all damages occasioned thereby." The grand jury of Colfax County presented against H. H. Harrington the following indictment, in the Circuit Court of said County: —

" THE STATE OF MISSISSIPPI, } Circuit Court, March Term, A.D. 1876.
 *Colfax County.* }

" The grand jurors of the State of Mississippi, elected, empanelled, sworn and charged to inquire for the body of the County of Colfax, upon their oaths, present, that H. H. Harrington, late of said County, on the 1st day of September, A.D. 1875, in said county; did then and there, willingly and feloniously, change a record belonging to the treasurer's office of Colfax County, the property of Colfax County, the said office being then and there a public office, by then and there willingly and feloniously changing some number to said jurors unknown, of a certain court-house and jail warrant for one thousand dollars, entered on treasurer's ledger No. 1, inserting, in lieu of the number so changed, 274, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Mississippi.

" And the jurors aforesaid, upon their oaths aforesaid, further present, that H. H. Harrington, late of said county, on the 30th day of September, A.D. 1875, in said county, did then and there willingly and feloniously change a record belonging to the treasurer's office of Colfax County, the property of Colfax County, the said office being then and there a public office, by then and there willingly and feloniously changing certain numbers, to said jurors unknown, and by then and there willingly and feloniously inserting, in lieu thereof, the numbers, respectively, 712, 714, 717, 724, 725, 745, 746, 40, 50, 60, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

        " WILEY N. NASH, *District Attorney.*"

After arraignment, on petition of the defendant, the venue was changed to Chickasaw County. At the April Term, 1877, of the Circuit Court of Chickasaw County, the defendant moved to quash the indictment, because, —

" 1. The first count mentions a court-house and jail warrant, without showing what it is, by what authority it was issued, and who issued it.

" 2. The first count does not aver that it was by law a part of the records of the office mentioned, and that by law it was required to be placed upon the records.

" 3. The first count does not charge that the alteration, if made, was wittingly done.

" 4. In the second count it is not charged that the alteration of the numbers was a material part of the record of the office, and wittingly made, nor does it show the alteration of a record required by law to be kept."

The motion was overruled. The defendant excepted, and took his bill of exceptions. Afterwards the district attorney withdrew the second count in the indictment, and proceeded to trial on the first alone.

The warrant which was offered in evidence was drawn by the clerk of the board of supervisors on the county treasurer of Colfax County, payable out of the special court-house and jail fund, and its number was 274. The other facts appear in the opinion of the court.

The defendant, having been convicted and sentenced, brings the case to this court, where, among other errors, he assigns the overruling of his motion to quash the indictment, and permitting the district attorney to withdraw the second count.

*Reuben Davis*, for the plaintiff in error.

1. The offence created by § 2489 Code 1871 is the " *wittingly* " doing some one of the acts enumerated in the statute. The charge in the indictment is that the defendant " *willingly* " made the change. Willingly changing a record is not condemned in the statute, and is no offence known to the law.

2. From the averment of the indictment it is impossible to tell which was changed, the warrant or the ledger. The warrant is not a record.

*Fred. Beall*, on the same side, argued, in an elaborate brief, contending, —

1. That the charge that the change was made " willingly " (not wittingly) constituted no offence, and that the omission of the word " wittingly " was fatal to the indictment. Code 1871, § 2489; *Williams* v. *State*, 42 Miss. 328; *Kline* v. *State*, 44 Miss. 317.

2. That it is not shown by the indictment that any record was altered. As to what constitutes a record, see Gilbert Evid. (4th ed.) 7; Co. Litt. 118 *a; ;* Best Evid. §§ 218, 590 ; 2 Phillips Evid. (5th Am. ed.) 2, note ; 6 Cal. 78 ; 1 Dana, 595 ; 4 Wash. C. C. 698 ; *Howe* v. *State*, 53 Miss. 57.

*George E. Harris*, Attorney-General, for the State.

1. It is obvious that the omission to cross the " tt " was a clerical error. It is not " willingly," but " wittingly," with the " tt " not crossed. The law does not notice orthography. 1 Bishop Crim. Proc. §§ 60, 61, 171, 177 ; 2 Hawk. P. C. § 81 ; 21 Mo. 504 ; 18 Ill. 52 ; 17 Ala. 179.

2. The indictment specifies that the ledger was changed.

CHALMERS, J., delivered the opinion of the court.

The attempt was to indict the defendant, under § 2489 Code 1871, for the alteration of the record-book of the county treasurer's office ; but the indictment was fatally defective in several respects.

1. The alteration of the record was charged to have been " willingly " done. The language of the statute is " wittingly." While it is not always necessary to follow the literal language of the act in framing indictments for statutory offences, it is essential that either the same words, òr words of equivalent meaning, and substantially synonymous, should be used. § 2884 Code 1871 ; *Kline* v. *State*, 44 Miss. 317. " Willingly " and " wittingly " are not synonymous words, and do not convey the same idea. The one relates to the will, and means " freely," or " voluntarily ; " while the other relates to the wit or understanding, and means " knowingly," or " designedly."

2. The indictment is defective because it leaves it doubtful whether the alteration was in the number on the warrant, or in the record of said number as entered on the treasurer's ledger. If the alteration was in the number on the warrant, there was no offence under the statute, because a warrant is not a record. The language of the indictment is equally susceptible of the construction that it was the number on the warrant that was altered, as that the alteration consisted in changing the entry of the number on the record-book. It does not come up, therefore, to the degree of certainty to " a

certain intent in general," which is essential in indictments. 1 Bishop Crim. Proc. § 42 *et seq. ;* 1 Chitty Plead. 234.

3. The indictment is also fatally defective in not charging that the alteration of the record was made with intent to injure or benefit some one. It is true that the statute does not expressly require this ; but it is manifest that it is only intended to render penal such changes or mutilations in the record as were intended, or at least calculated, to damnify some one, or to benefit the party making it, or some person for whose advantage the accused was acting. It is provided by the statute that, in addition to the criminal prosecution, the falsifier of the record shall be liable for all damages in an action brought by the party aggrieved. It is evident that it was not the intention of the law-giver to punish, by imprisonment in the penitentiary, a change in the record which was intended to make it conform to the truth, or which was honestly thought to have that effect, or which was silly and purposeless, unless the intention or effect was to procure an advantage for, or inflict a loss upon, some one. Though, as a general rule, it is sufficient to charge a statutory offence in the words of the statute, yet this rule does not apply where there are, in the language of the statute, no sufficient words to define any offence. *Jesse* v. *State,* 28 Miss. 100 ; *Sarah* v. *State,* 28 Miss. 267.

The wisdom of this principle is strikingly illustrated by the facts of this case. The accused acted as clerk of the county treasurer. In crediting the treasurer on his ledger with a certain warrant which had been paid, he undertook to specify the warrant by stating its number, amount and date, and the person to whom it was issued. In so doing he made a mistake in the number of the warrant ; and, when this was discovered, he erased the improper and substituted the proper number, leaving the entry unchanged in every other particular. We only know the case by the record, and speak of the facts as shown by the bill of exceptions. If the prisoner's act had any other complexion than this, the record fails to disclose it.

*Judgment reversed, indictment quashed, and accused held to await such further indictment as may be preferred against him.*