## S. W. FINCH v. THE STATE.

INDICTMENT. *Statutory offense. Offensive conduct. How set out. Section* 2769, *Code of* 1880, *considered.*

    Under § 2769, Code of 1880, which makes it a misdemeanor for any one to disturb the peace of another " by offensive conduct," the indictment for such offense must set out the particular act or acts charged as offensive. It is not sufficient to charge the crime in the general language of the statute, as it does not contain words sufficient to define any offense. *Harrington* v. *The State,* 54 Miss. 490; *Jesse* v. *The State,* 28 Ib. 100; *Sarah* v. *The State,* 28 Ib. 267, cited.

APPEAL from the Circuit Court of Jackson County.

HON. S. H. TERRAL, Judge.

Sampson W. Finch was indicted by the grand jury of Jackson County upon the charge that he " Sampson Finch, in said county, on the first day of October, A. D. 1882, did willfully disturb the peace of Rebecca Jones, then and there by offensive conduct there, against the peace and dignity of the State of Mississippi." The defendant moved to quash the indictment because it failed to set out the particular acts charged as offensive. The court overruled the motion, and the defendant was convicted and now appeals to this court.

Section 2769, Code of 1880, makes it a misdemeanor for any one to disturb the peace of another " by any tumultuous or offensive conduct."

*J. L. Dantzler,* for the appellant.

We submit that the indictment should have been more explicit, should have set out the particular conduct complained of, the particular action, word, or deed that was offensive, so as to enable appellant to prepare a proper defense. The words " offensive conduct " are very general, and unless more explicit we submit it was impossible for the defendant to know exactly with what he was charged. During one day many particular acts may have been done, and in the presence of many different witnesses, and under the present indictment, defendant would be at a loss which particular thing was the one complained of, and thus at a loss which witnesses to have sub-

pœned for his defense. The statute defines several particular things which would constitute a disturbance of a family or person, such as an " explosion of gunpowder, or other explosive substance, or loud or unusual noise," but the part upon which this indictment is based uses very general terms, " or any tumultuous or offensive conduct," and we submit that an indictment upon this part of the statute should define and explain the particular conduct complained of, as the other portions. *Sarah* v. *The State,* 28 Miss. 267 ; *Jesse* v. *The State,* 28 Miss. 100 ; *Williams* v. *The State,* 42 Miss. 328.

*T. M. Miller,* Attorney General, for the State, submitted the case without argument.

ARNOLD, J., delivered the opinion of the court.

The motion to quash the indictment should have been sustained. It was not enough to allege in the words of the statute that the disturbance was caused by *offensive conduct.* As a general rule, it is sufficient to charge a statuary offense in the words of the statute, but this rule does not apply where there are in the language of the statute no sufficient words to define any offense. What constituted the offensive conduct, or the nature or character of the offensive conduct, should have been stated in the indictment. *Harrington* v. *The State,* 54 Miss. 490 ; *Jesse* v. *The State,* 28 Miss. 100 ; *Sarah* v. *The State,* 28 Miss. 267.

*Reversed.*