S. RAWLS v. THE STATE.

1. INDICTMENT. *Statutory offense. Averments. Words of statute.*

    ·Where the language of a criminal statute is broader than its purpose, and, under certain circumstances, it may be lawful to do the thing forbidden by the words, if taken literally, it is not sufficient to indict in the statutory language. The indictment must charge, in apt language, the facts which make the act unlawful. *Sullivan* v. *State,* 67 Miss., 346.

2. SAME. *Keeping gaming-table. Averring unlawful act. Code 1892, § 1124.*

    By § 1124, code 1892, which forbids keeping or exhibiting certain gaming-tables or banks, it was not intended to make criminal the mere act of keeping or exhibiting these. The object was to prevent gambling, and, in an indictment under the statute, the unlawful purpose of keeping a gaming-table or bank must be alleged; the facts must be stated which make the keeping or exhibiting unlawful.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Appellant was convicted in the court below. He made a motion in arrest of judgment, on the ground that the indictment was in the alternative, and that it charged no offense, which motion was overruled. Hence this appeal. The opinion contains a further statement of the case.

*Calhoon & Green,* for appellant.

The indictment charges no offense. It does not aver that there was any betting at the table or bank. The fact that there is a legal definition of a crime, does not dispense with the necessity of charging in an indictment the facts constituting the offense.

*Frank Johnston,* attorney-general, for the state.

The objection to the indictment, that it does not charge that there was any betting at the table, was not made in the motion to arrest the judgment, and therefore cannot be con-

sidered. But, even if the point were made, it is not well taken. Section 1124, code 1892, does not contain the words "betting" or "gambling." The words "gaming" and "gaming-tables" are the terms employed. The indictment follows the language of the statute, which evidently uses the words gaming or gaming-tables as synonymous with gambling or gambling-tables. It cannot be supposed that the statute intended to make the keeping of a room for playing at cards for amusement a misdemeanor. It means "gambling" by the word gaming, and "gambling-table" by the words gaming-table or bank. Any other construction would make the statute include an act innocent and harmless.

The term "gaming" is similar in significance to the word gambling in its *legal* acceptance. Bishop on Stat. Crimes, §§ 857, 858. There are some exceptions, but I have stated the general rule, and the case at bar does not fall within any of the exceptions.

The statute does not embrace the misdemeanor of gambling as to the participants, but is aimed at the person who keeps the bank or gaming-tables.

Argued orally by *S. S. Calhoon,* for appellant, and *Frank Johnston,* attorney-general, for the state.

WOODS, J., delivered the opinion of the court.

The indictment charges that the defendant did unlawfully "keep and exhibit certain gaming-table, commonly called *polker*-table or bank, at which gaming-table or bank so unlawfully kept or played or exhibited certain games of cards and dice, the names being to your grand jurors now unknown, for money, contrary to the forms of the statute," etc. It is apparent that the indictment does no more than charge, in the words of the statute, the keeping and exhibiting of a gaming-table. The purpose for which it was kept, the use to which it was put, is not stated. It is evident, we think, that the pleader designed to charge that the gaming-table was

kept and exhibited for use by persons desiring to gamble, to bet money or other things of value; but it is plainly evident that the design of the pleader was not executed. The indictment should have enumerated the acts done by the accused which rendered the keeping of the gaming-table unlawful. "The language of the statute is broader than its purpose," to quote the felicitous expression of Cooper, J., in the case of *Sullivan* v. *The State*, 67 Miss., 346. It was not the purpose of the statute to make criminal the mere keeping in one's house a gaming-table, or the keeping of a gaming-table to be played at or upon for amusement only. The object to be accomplished was the prevention of gambling, by imposing punishments on those who promoted that evil by providing the means for its indulgence. "Where, under certain circumstances, one may lawfully do the thing forbidden by the literal meaning of the words of the statute, it is not sufficient to indict by the use only of the statutory words. Under such circumstances, the indictment must charge, in apt language, the unlawful act, that the defendant may be advised of the nature and character of the offense with which he is charged, and that he may, by demurrer, take the opinion of the court whether the facts charged constitute an offense," as was said by this court in the case referred to.

The indictment is fatally defective, in that it does not state the facts which made the keeping of the gaming-table unlawful, and the motion in arrest of judgment should have been sustained.

*The judgment of the court below is reversed, the motion in arrest sustained, the indictment quashed, the case remanded and the accused held to answer any other indictment that may be preferred.*