## A. J. ROBERTS *v.* THE STATE.

FORGERY. *Indictment. Description of instrument. Certainty. Code* 1892, § 1358.

> Section 1358, code 1892, providing that in indictments averments as to any instrument may be by its usual name or designation, or by its purport, without setting out a copy, cannot dispense with such certainty of description as will clearly identify the offense. Hence, in an indictment for forgery, the description of the instrument forged as "a certain instrument of writing commonly called a deed, purporting to be the act of one S. S. Faust, by which the interest in certain real property purported to be transferred and conveyed by said S. S. Faust to the said A. J. Roberts," is insufficient.

FROM the circuit court of Amite county.

HON. W. P. CASSEDY, Judge.

The opinion states the case.

*T. McKnight,* for appellant.

The indictment is not good as a common law indictment, because it does not sufficiently describe the instrument. Section 1358, code 1892, cannot dispense with the constitutional right of the accused to demand the nature and cause of the accusation. The indictment is the exclusive source of the notice to the ac-

cused of the charge, and it must contain specific statement of the facts which constitute the crime.

*Frank Johnston*, attorney-general, for the state.

The description of the instrument is sufficient. It is not suggested that there was any other similar document, or that defendant was misled or surprised. The record shows that accused was ready with his defense, and prepared to defend the precise charge of altering this particular deed.

Argued orally by *T. McKnight*, for appellant, and *Frank Johnston*, attorney-general, for the state.

Woods, J., delivered the opinion of the court.

The appellant was indicted for forgery in the circuit court of Amite county. The indictment contained two counts. The second charged a forgery in the alteration of the instrument charged to have been forged. To this second count a demurrer was interposed, and by the court sustained. The first count in the indictment was also demurred to, and this demurrer being overruled, trial was had on defendant's plea of not guilty. A verdict of guilty followed, and judgment thereon, and defendant appeals. The action of the court below in overruling the demurrer to the first count in the indictment is assigned for error, and the sufficiency of the indictment, in its first count, is the proposition that meets us on the threshold.

Omitting the merely formal parts of the indictment, the averments are that, "on September 26, 1892, in the county aforesaid, A. J. Roberts did then and there falsely, fraudulently, and feloniously forge and counterfeit a certain instrument of writing commonly called a deed, purporting to be the act of one S. S. Faust, by which the interest in certain real property purported to be transferred and conveyed by said S. S. Faust to the said A. J. Roberts, with intent to cheat and defraud the said S. S. Faust and his legal representatives of their lands and goods."

Without pausing to consider the meaning of the words "goods" and "his legal representatives," and the effect of their use in the indictment, we address ourselves at once to a consideration of averments of the indictment, independently of these technical terms.

That the pleading is not sufficient, as an indictment for forgery at common law, is manifest. The alleged forged instrument is not set out by copy or facsimile, and, at common law, this was essential. Is it sufficient under our statutes? By § 1358, code 1892, it is declared: "Whenever it shall be necessary to make an averment in an indictment as to any instrument, whether the same consist wholly or in part of .writing, print, figures, or characters, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile of the whole or any part thereof."

It will be helpful to consider the law as it stood before this statute was incorporated into our codes of 1857, 1871 and 1880, as well as that of 1892, and inquire what evils the statute was designed to remedy. The common law, and the evils found to exist in the course of criminal administration under it, may be regarded together. Under the common law, it was held necessary, in framing indictments for forgery, to aver the instrument was of a certain character, and to prove this character as thus averred. If the indictment averred that the instrument was a deed, the evidence must support that averment strictly, and, if it did not, the variance was fatal. If the averment as to the character of the instrument was that it was a bond, no evidence of an instrument perfect in all other respects, but without seal, could be made. The averment of the legal character of the instrument was essential, and the proof was confined to that character of an instrument strictly. Furthermore, at common law, the forged instrument was required to be averred according to its tenor. A literal copy of the in-

strument was required to be set out in the pleading, and any variance between the averment of the tenor of the instrument and the evidence offered in support of it, was fatal on trial.

The evils sought to be remedied by our statute were the constant escapes from just punishment of criminals, whose guilt was undoubted, by reason of failure in the indictment to aver, with strict exactness, the legal character of the instrument alleged to have been forged, and because of trifling errors or omissions in setting out in the indictment the copy of the forged instrument.

Having thus adverted to the law as it existed prior to our statute, and the evils found to attend its execution, let us consider the remedy created. It will be observed that the statute provides that, when necessary to make an averment in any indictment as to any instrument, whether the same consists of writing, print, figures or characters, it shall be sufficient to describe such instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile of the whole or any part thereof. To prevent miscarriages of justice, it is provided that the legal character of any instrument may be averred under that name or designation by which such instrument is usually known, and this though not in strict accuracy the technical name of the instrument; and if there is, or shall ever appear, an instrument so segregated and marked out from all others as that its mere designation, under its usual name, shall identify it and apprise the person who may be indicted for its forgery of the cause of the accusation against him, this shall be sufficient without setting out a copy of the instrument, or without pleading the instrument according to its tenor; and in all other cases, where the mere designation of the instrument by its usual name will not identify the offense and apprise the accused of the nature and cause of the accusation charged against him, then it shall be sufficient to describe in the indictment the purport of the instrument, and in no case shall it be

essential to set out a copy or facsimile of the instrument charged to be forged. The statute admits of this interpretation, and will not, as it seems to us, admit, reasonably, of any other.

It cannot be contended that the statute was designed to dispense with all particularity of averment of pleading in criminal cases, and make the mere averment of the usual name of an instrument sufficient notice of the nature and cause of the accusation preferred. The citizen, when charged with crime, is entitled to be informed as to acts which he has committed which constitute his supposed crime. We are not to give our statute such interpretation as will rob the accused of the substantial safeguards which, in every age of the law, he has enjoyed when called to answer for high crimes. He is not to be deprived of his right to be told what his supposed offense is, as well as to know its mere name. The mere shadow of naming the crime cannot be substituted for the substance of distinctly apprising him of the particulars of his supposed offense. It cannot have been the legislative purpose to override and strike down the right of every one to know, at least substantially, wherein he is charged as an offender. If the statute were to be interpreted as abridging the cherished right of every man to know the cause as well as the nature of the crime charged, it would be declared unconstitutional. The learned counsel for the state nowhere advances the view we are combatting. His contention is, that the averments of the indictment as to the deed alleged to have been forged are sufficient to give the accused fair notice of the cause of the crime charged against him.

Reference to the indictment itself will show that the purport of the instrument alleged to have been forged is not stated. What is the meaning of the word "purport," in the use in which we are employing it? The purport of an instrument means the substance of it as it appears on the face of it in the eyes of all who read it, is the graphic and accurate definition

of Boller, J.   Now, a reading of the indictment in the case at
bar plainly discloses that the substance of the instrument
charged to have been forged is not set out.   The meager aver-
ment of the indictment, in setting out the purport of the in-
strument charged to have been forged by the defendant, is con-
tained in these few words: "A certain instrument of writing,
commonly called a deed, purporting to be the act of one S. S.
Faust, by which the interest in certain real property purported
to be transferred and conveyed by said S. S. Faust to the said
A. J. Roberts."   When was this deed made?   What lands were
conveyed by it?   To whom did the lands belong, and what
interest was conveyed?   Did Faust convey his own title, or
one held in trust?   The substance of the deed is not set out,
and no defendant could come prepared to make any proper
defense to a charge thus imperfectly averred.   How could the
accused indentify the particular crime charged?   How could
he successfully plead to another indictment like this, former
jeopardy?

The pleading does not meet the requirements of our very
liberal statutes regulating civil pleadings even.   It does not
contain a statement of the facts constituting the cause of ac-
tion, and its averments of facts would not support a declaration
in a civil suit in a controversy over the lands, the deed to which
is charged to have been forged in the case in hand.   We have
largely abolished forms, but have not undertaken to abolish
substance.   The effort which our legislation has made has been
to free us from the slavery to forms—blind adherence to mere
entangling modes of pleading, with a view, not to a sacrifice of
matters of substance, but in order to secure the more sure exe-
cution of justice without idolatrous reverence for mere "words
of man's enticing wisdom."

We are confirmed in this view of the proper interpretation of
our statute by a protracted and exhaustive review of similar
statutes in sister states.   We have unearthed no decision of any
court of last resort which dispenses with that exactness of aver-

ment of facts charged as constituting the crime which will fully acquaint the accused with the offense which he must be prepared to defend against.    No case under statutes like ours has been found which even hints at the sufficiency of an indictment which is so meager or so ambiguous in its averments that the accused might come prepared to meet one case, when, in fact, he was required to meet another, or where, under different indictments, he might be punished twice for the same offense.    Under our liberal system of pleading, the effete formulas of legal formalism are torn away from judicial administration in order that the very right in every case may prevail, and that substantial justice may be done, but it was never contemplated that essential safeguards of personal liberty should be trampled under foot also.

It may not be improper to remark that, in our opinion, the perfect fairness of the administration of the criminal law will be best subserved by fully advising the accused not only of the nature of the offense charged against him, but also by clearly apprising him of the cause of the accusation preferred against him.    In indictments for forgery it is fair and just to charge the offense in such manner as to clearly inform the accused what he is charged with, and with such certainty as to enable him to identify the offense, and to prepare to meet it, if he can.    If the offense be an alteration of an instrument, surely this should be substantially stated, if the object is to further the ends of public justice.

The indictment is insufficient in its first count, and the demurrer to it will be sustained.    The accused will be held to answer any other indictment in this behalf that may be preferred against him.

*Reversed and remanded.*