## THE STATE *v.* W. H. BARDWELL.

1. INDICTMENT.  *Following words of statute.  When insufficient.*

In indictments under a statute it is not always sufficient to follow its language.  Although the exact words may be used, if, conceding the averments to be true, it is still possible that the accused may be innocent of the offense intended to be denounced, it is necessary to go further and charge the crime by proper averments. *Rawls* v. *State*, 70 Miss., 739.

2. SAME.  *Code* 1892, § 1089.  *Insolvency of bank.  Receiving deposit.*

An indictment, though charging in the exact language of § 1089, code 1892, that an officer of a bank received money on deposit "knowing, and having good reason to believe, that said bank was then and there insolvent," without apprising the depositor of its insolvent condition, is fatally defective in failing to aver the essential fact, clearly contemplated, though not expressed, by the statute, that the bank was actually insolvent.

3. JURISDICTION.  *Code* 1892, § 1089.  *Absence of federal legislation.*

While punishment of national bank officers through federal laws, so far as enacted, is exclusive, and while congress has legislated on the subject, making various acts on their part punishable, it has not declared it criminal to receive a deposit knowing or having reason to believe the bank insolvent without apprising the depositor of its condition.  Therefore such an officer is punishable for this offense under § 1089, code 1892.

FROM the circuit court of Oktibbeha county.

HON. NEWNAN CAYCE, Judge.

Appeal by the state.    The facts are stated in the opinion.

*Frank Johnston,* attorney-general, for appellant.

1. There is a large class of criminal acts which violate both federal and state laws, and there is another class as to which the jurisdiction is concurrent except where congress has acted. The federal statute has not made the act in question a criminal offense, therefore defendant is punishable under the state law. See Bish. Crim. L., § 178, and authorities cited.    Although congress has regulated the coin and currency and defines offenses against the statutes relative to these, it has not restricted the power of the states.    *Ib.*    The law is well settled that there can be two distinct offenses, one against each government. *Ib.,* §§ 983, 988.

2. The indictment is in the precise words of the statute, and is sufficient.    If it be necessary to aver the insolvency of the bank, it is submitted that the indictment sufficiently does this. It charges that the defendant received the deposit, knowing that the bank was insolvent, or having good reason to believe it, without informing the depositor of its insolvent condition. If upon proof it could be shown that the bank was insolvent, then there was an offense, assuming that the statute contemplates insolvency as an essential fact constituting the crime.

3. It is submitted that the statute is not restricted to insolvent banks.    If the bank is in a critical condition and of doubtful solvency, presenting good reasons for the belief that it is insolvent, the receipt of deposits by its officials with concealment of its true condition would be a cheat and a violation of the statute.    The complexion of the act would not be changed by the ultimate survival of the bank from insolvency.

*Orr & Orr* and *T. B. Carroll,* for appellee.

1. The learned district attorney was entrapped into follow-

ing the language of the statute, and fell.   Though not expressly so stated in the statute, it is an essential ingredient of the offense intended to be punished that the bank should in fact be insolvent at the time the deposit is received.    It is not sufficient merely to indict in the words of the statute.    The indictment must go further, and aver the facts which constitute the criminal act.    *Anthony* v. *State*, 13 Smed. & M., 264; *Ike* v. *State*, 23 Miss., 529; *Jessie* v. *State*, 28 *Ib.*, 100; *Scott* v. *State*, 31 *Ib.*, 473; *Harrington* v. *State*, 54 *Ib.*, 490; *Conerly* v. *State*, 66 *Ib.*, 96; *Sullivan* v. *State*, 67 *Ib.*, 346; *Maxwell* v. *State*, 68 *Ib.*, 339; *Ward* v. *State*, 70 *Ib.*, 245; *Rawls* v. *State*, *Ib.*, 739.

Bardwell, at the time of receiving the deposit, may have had good reason to believe, and may have believed, that the bank was insolvent, and yet it may have been entirely solvent.

2. Congress having assumed to regulate officers of national banks, and having enacted several severe penal laws for the violation of duty on the part of these officers, has the state the power to interfere by imposing additional penalties ?

COOPER, C. J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Oktibbeha county, for that, being cashier of the First National Bank of Starkville, he did, on the third day of July, 1893, receive from one James Foster a certain sum of money on deposit, "then and there knowing, and having good reason to believe, that said bank was then and there insolvent, without then and there, or at any other time previously, informing said James Foster of such insolvent condition of said bank."

The defendant demurred to the indictment, and his demurrer was sustained and the indictment quashed.   The state appeals.

The demurrer contained many causes, but those relied on by the appellee here are: 1. That the indictment does not aver that the bank was in fact insolvent when the deposit was received.   2. That the indictment shows the defendant to have

been an officer of a national bank organized under the act of congress; that these banks are governmental agencies of the United States, and are therefore not subject to regulation or control by state authority.

The statute under which the indictment was found is as follows: "If the president, manager, cashier, teller, assistant clerk or other employe or agent of any bank or broker's office or establishment conducting the business of receiving on deposit the money or other valuable things of other persons, shall remove or secrete or conceal the assets or effects of such establishment, for the purpose of defrauding any of the creditors of the establishment, or shall receive any deposit knowing, or having good reason to believe, the establishment to be insolvent, without informing the depositor of such condition, on conviction, he shall be imprisoned in the penitentiary not longer than five years." Code 1892, § 1089. The purpose of the statute is to protect depositors against the acts of officers and employes of establishments, first, in withholding by abstracting or concealing the assets, so that they may not be subjected to the demand of creditors; second, in receiving deposits while the establishment is insolvent, and such condition is known to the officer, or such facts are known as to give him good reason to believe the condition of actual insolvency to exist.

The district attorney, in preparing the indictment, has followed the precise language of the statute. What is charged may be true, and yet the defendant may not be guilty of the offense contemplated. The condition of the bank when the deposit was received may have been such that the defendant then had good reason to believe it to be insolvent, and yet, in fact, it may not have been so. It is the receipt of the deposit into an actually insolvent establishment by an officer or agent knowing, or having good reason to believe, the fact of such real insolvency, that is made criminal by the law, and this essential fact should be averred in indictments under the statute. *Jessie* v. *State*, 28 Miss., 100; *Harrington* v. *State*, 54 *Ib.*,

490; *Sullivan* v. *State*, 67 *Ib.*, 346; *Rawls* v. *State*, 70 *Ib.*, 739.

The contention of counsel for the defendant that defendant is not punishable under the above statute, because the act made criminal by it was committed by him, if committed at all, as an officer of a national bank, over whom the United States alone has jurisdiction to punish, is not maintainable. Section 5209 of the revised statutes of the United States provides that "every president, director, cashier, teller, clerk or agent of any association, who embezzles, abstracts or wilfully misapplies any of the moneys, funds or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who, without such authority, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of the association, with intent in either case to injure or defraud the association, or any other company, body politic or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who, with like intent, aids or abets any officer, clerk or agent in any violation of this section, shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years nor more than ten." Section 711 of the revised statutes declares that: "The jurisdiction vested in the courts of the United States, in all cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states, first, of all crimes and offenses cognizable under the authority of the United States," etc.

The act made punishable by our statute is not made an offense by the laws of the United States. No indictment in the courts of the United States could have been returned against the defendant for receiving the money of a depositor when the bank

was in fact insolvent, and known by the defendant so to be. In *People* v. *Fonda*, 62 Mich., 401, it was held that a clerk in a national bank could not be indicted and convicted of embezzlement of the moneys of such bank in a state court and under a state statute, for the reason that the act was made punishable by the laws of the United States and the jurisdiction of the courts of the United States declared by § 711 of the revised statutes to be exclusive of the courts of the several states. In *Commonwealth* v. *Tenney*, 97 Mass., 50, the defendant, a clerk in a national bank, was indicted under the statutes of the state for the embezzlement of certain bonds, the property of one Pope, deposited in said bank. The statutes of the United States at that time punished the embezzlement of the property of national banks, but not of the property of individuals, deposited with and in the custody of such banks. The conviction was upheld, the court saying: "As the federal courts have no criminal jurisdiction except that conferred by congress, no question can be made as to the constitutionality of state legislation punishing such frauds, until they have been made punishable by the federal laws. There is no view of the relative or of the concurrent powers of the two governments which affects the decision of the present case, for all courts and jurists agree that state sovereignty remains unabridged for the punishment of all crimes committed within the limits of the state, except so far as they have been brought within the sphere of federal jurisdiction by the penal laws of the United States."

In *Commonwealth* v. *Felton*, 101 Mass., 204, the indictment alleged that Martin, the cashier of a national bank, had embezzled its funds, and that Felton, the defendant, was an accessory before the fact. It was decided that, since the act of congress made the act of Martin punishable as a misdemeanor, he could not thereafter be indicted under the statutes of the state; and, since the act of the principal was made a misdemeanor by the federal law, the defendant could not be indicted as an accessory, since there are no accessories in misdemeanors.

These two cases illustrate the rule, which is, that so long as the general government has not declared the act an offense against its laws, it is competent for the states to declare it an offense and punish therefor, but when, as to a matter within the competency of the United States, congress undertakes to legislate, and covers the whole subject, the jurisdiction of the states is or may be thereafter denied. *Fox* v. *Ohio,* 5 How. (U. S.), 410; *Moore* v. *Illinois,* 14 *Ib.*, 13; *People* v. *White,* 34 Cal., 183.

*The judgment is affirmed.*