STATE *v.* SOUTHERN RAILWAY COMPANY IN MISSISSIPPI.

[72 South. 837.]

1. INDICTMENT AND INFORMATION. *Sufficiency. Following language of statute. Railroads. Regulations. Posting of anti-tipping statute.*

Under Laws 1916, chapter 136, section 3, providing that each dining car, railroad, or sleeping car company, doing business in this state, shall post two copies of the anti-tipping statute in conspicuous places in each passenger coach or sleeping car,

while the language of the statute is broad enough to require the posting of the statute in all passenger coaches, not only while actually being used for the transportation of passengers, but also while not in use, but standing idle on the tracks, yet it is clear that its purpose is to make criminal only, the failure to post it in passenger coaches while actually being used for the transportation of passengers and an indictment under this statute which fails to allege this is insufficient.

2. SAME.

Where the language of the statute is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any other acts than those made unlawful, it is sufficient to charge the offense by using only the words of the statute, but where the act prohibited does not clearly appear from the language employed, or where, under certain circumstances, one may lawfully do the thing forbidden, by the literal meaning of the words of the statute, it is not sufficient to indict by the use only of the statutory words.

3. SAME.

Where the language of the statute is broader than its purpose, and the indictment is in the words of the statutes it cannot be told whether the jury intended to find defendant guilty of the act forbidden by the statute, or of those only, within its literal but not its true construction and in such case it is necessary for the pleader to depart from the statute and indict in words aptly charging, in all cases in which the words of the statute do not by legal intendment import a particular offense certainly committed by one who has violated its literal language.

APPEAL from the circuit court of Leflore county.

HON. F. E. EVERETT, Judge.

The Southern Railway Company in Mississippi was indicted for a violation of Laws 1912, chapter 136, section 3 and from a judgment sustaining a demurrer to the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* Assistant Attorney-General, for the state.

*Cathings & Cathings,* for appellee.

Smith, C. J., delivered the opinion of the court.

This is an appeal from a judgment sustaining a demurrer to an indictment for an alleged offense under section 3, chapter 136, Laws 1912, which provides that:

"Each dining car, railroad, or sleeping car company doing business within the state, shall post two copies of this act in conspicuous places in each passenger coach or sleeping car."

The alleged violation of the statute as charged is that appellant—

"a corporation, a railroad company doing business within said state, in said county, on the 23d day of September, 1914, unlawfully, knowingly, and willfully, did, then and there, fail and neglect to post in two conspicuous places in its passenger coach No. 1363 two copies of an act entitled 'An act to prohibit hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from allowing "tips" to be given to employees; to prohibit employees of hotels, restaurants, cafes, dining cars, railroad companies and sleeping car companies from receiving same,' the same being chapter 136 of the Laws of Mississippi for 1912."

One of the grounds upon which it is sought to sustain the judgment of the court below is that:

"The indictment wholly fails to allege that passenger coach No. 1322 was being used by the appellee at that time as a part of a train engaged in hauling passengers."

The language of the statute is broad enough to require the posting of the statute in all passenger coaches, not only while actually being used for the transportation of passengers, but also while not in use, but standing idle upon the track. It is clear, however, that it is the purpose of the statute to make criminal only the failure to post it in passenger coaches while actually being used for the transportation of passengers. So, to say that appellant failed to post the statute in one of its passenger coaches, without more, simply charges it with not doing a thing the doing of which is enjoined or not by the statute, according to circumstances; and the rule is

that "where the language of the statute is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any other acts than those made unlawful," it is sufficient "to charge the offense by using only the words of the statute." "But where the act prohibited does not clearly appear from the language employed, or where, under certain circumstances, one may lawfully do the thing forbidden by the literal meaning of the words of the statute, it is not sufficient to indict by the use only of the statutory words; under such circumstances, the indictment must charge in apt language the unlawful act, that the defendant may be advised of the nature and character of the offense with which he is charged, and that he may by demurrer take the opinion of the court whether the facts charged constitute an offense." " 'The verdict of a jury does nothing more than verify the facts charged; and if these do not show the party guilty, he cannot be considered as having violated the statute.' SHAW, C. J., in *Commonwealth* v. *Odlin,* 23 Pick. [Mass.] 275. Where, therefore, the language of the statute is broader than its purpose, and the indictment is in the words of the statute, it cannot be told whether the jury intended to find the defendant guilty of the act forbidden by the statute, or of those only, within its literal but not its true construction. It is therefore necessary for the pleader to depart from the statute and indict in words aptly charging an offense, in all cases in which the words of the statute do not by legal intendment import a particular offense certainly committed by one who has violated its literal language." *Sullivan* v. *State,* 67 Miss. 346, 7 So. 275; *Jesse* v. *State,* 28 Miss. 100; *Harrington* v. *State,* 54 Miss. 490; *Rawls* v. *State,* 70 Miss. 739, 12 So. 584; *State* v. *Bardwell,* 72 Miss. 535, 18 So. 377; *Richburger* v. *State,* 90 Miss. 806, 44 So. 772.

It follows from the foregoing views that the court below committed no error in sustaining the demurrer to the indictment.

*Affirmed.*