## STATE *v.* NEEDHAM.

(Division A.   May 9, 1938.)

[180 So. 786.   No. 33131.]

664

Greek L. Rice, Attorney-General, and W. D. Conn, Jr., Assistant Attorney-General, for the State.

Roberts & Smith, of Cleveland, for appellee.

McGehee, J., delivered the opinion of the court.

The State appeals from the judgment of the trial court sustaining a demurrer to an indictment against appellee, Charles Needham, wherein he was charged as an accessory after the fact to the crime of murder. In the material part of the indictment it was charged, in substance, that the appellee, "well knowing that one Daisey Howard had committed a felony, to-wit: that the said Daisey Howard had theretofore wilfully, unlawfully, feloniously and of her malice aforethought killed and murdered one Carrie McWilliams and one Carrie Floyd, . . . did, then and there wilfully, unlawfully and feloniously aid and assist the said Daisey Howard in escaping and avoiding trial, conviction and punishment for her said crime of murder, against the peace and dignity of the State of Mississippi."

It will be observed that no specific acts are alleged to have been committed by appellee as constituting the aid and assistance rendered Daisey Howard in making her escape and avoiding trial, conviction, and punishment. It is for the want of such allegation that the sufficiency

of the indictment is challenged. No decision of our court has been called to our attention which declares the necessity for such an allegation in the indictment of an accessory after the fact of any crime; but it is contended by the appellee that such requirement follows from the holding of the court in the case of Crosby v. State, — Miss. —, 175 So. 180, where the defendant was convicted of being an accessory after the fact of the crime of murder, and wherein the court said: ''In order to convict the appellant, the State must prove (1) that Williams feloniously killed Lizzie Marsh, and (2) thereafter the appellant, with knowledge thereof, committed specific acts with intent thereby to enable Williams to escape,'' etc. But we do not think that such a conclusion necessarily follows. For instance, it is likewise true that where a defendant is charged with having killed and murdered a human being it is necessary that the State prove specific acts in order to convict, but it would not be contended that the indictment must allege the specific acts or means by which the crime was accomplished. Neither is the allegation in the indictment here under consideration, to the effect that the appellee in the case at bar ''aided and assisted Daisey Howard in making her escape,'' to be deemed a mere conclusion of the pleader any more than is the allegation in the usual indictment for murder a mere conclusion when it is simply alleged that the accused killed and ''murdered'' the deceased.

Upon a consideration of the adjudicated cases from some of the other jurisdictions, we find that the Maine court, in the case of State v. Neddo, 92 Me. 71, 42 A. 253, 255, had this precise question before it, and adopted what was said by Mr. Bishop on this question in 2 Bishop Crim. Proc., paragraph 8, as follows: ''It is in no case necessary to set forth the means by which the accessory before the fact incited the principal to commit the felony, or the accessory after received, concealed, or comforted him; for it is perfectly immaterial in what way the purpose of

one was effected, or the harboring of the other secured; and, as the means are frequently of a complicated nature, it would lead to great inconvenience and perplexity if they were always to be described upon the record.''

Likewise, in the case of Terry v. State, 149 Ark. 462, 233 S. W. 673, the court held that the words ''did then and there willfully, unlawfully and feloniously harbor, protect, and conceal said crime as aforesaid'' were sufficient to charge a crime, under a statute, Crawford & Moses' Dig., section 2310, similar to ours which defined an accessory after the fact as one ''who, after a full knowledge that a crime has been committed, conceals it from the magistrate, or harbors and protects the person charged with or found guilty of the crime.'' To the same effect are the three Texas cases of Gann v. State, 42 Tex. Cr. R. 133, 57 S. W. 837; Woods v. State, Tex. Cr. App., 60 S. W. 244, and Harrison v. State, 69 Tex. Cr. R. 291, 153 S. W. 139. Contra, it was held in Ex parte Goldman, 88 Pac. (Cal.) 819, that the specific acts which constituted the aiding, harboring, and concealing should be set forth in the indictment. However, we are of the opinion that the rule announced by Mr. Bishop, as affirmed in most of the cases cited from other jurisdictions, is the better rule, and that it does no violence to section 26 of our State Constitution, which provides that the accused shall be entitled to demand the nature and cause of the accusation against him. This constitutional requirement only secures to the defendant the right to be advised of the nature of the charge against him, and not the right to have set forth in the indictment the facts relied on to sustain the charge.

It is the general rule that the charge is sufficient if it adopts and follows the language of the statute, as in the case at bar, or is in language substantially equivalent thereto, and the court is enabled to see therefrom on what statute the charge is founded. Of course, this rule does not apply where an act is not in itself necessarily unlaw-

ful, but becomes so by its circumstances, in which case all matters necessary to show its illegality must be stated in the indictment. In 31 C. J. 713, it is stated that: "It is not sufficient to charge an offense in the language of the statute alone, where by its generality it may embrace acts which it was not the intent of the statute to punish. Such facts must be alleged that, if proved, defendant cannot be innocent." Since there is no way in which a person can willfully aid and assist a felon to escape, after knowing that he has committed the felony, and then be innocent of the charge of having become an accessory after the fact, it follows that an allegation to the effect that he rendered such aid and assistance under these circumstances is sufficient.

The case of Conerly v. State, 66 Miss. 96, 5 So. 625, which held that it was necessary in an indictment for disturbing religious worship to charge what the defendant did to disturb the congregation, is not applicable to the present case, for the reason that one may innocently disturb religious worship, as by fainting, sneezing, and doing other involuntary and innocent acts. Neither do the cases of Finch v. State, 64 Miss. 461, 1 So. 630; State v. Bardwell, 72 Miss. 535, 18 So. 377; Roberts v. State, 72 Miss. 110, 16 So. 233; State v. Shanks, 88 Miss. 410, 40 So. 1005; Pruitt, v. State, 116 Miss. 33, 76 So. 761; Miller v. State, 130 Miss. 730, 95 So. 83; State v. Cahn, 171 Miss. 458, 158 So. 202; State v. Southern Ry. Co., 112 Miss. 23, 72 So. 837, and other cases cited by appellee, conflict with the views hereinbefore announced. In the Finch Case the statute under consideration contained no sufficient words to define the offense sought to be charged. Hence a charge in the words of the statute was insufficient. But the statute in the instant case, making it unlawful for any person to aid and assist a felon to escape, after knowing that he has committed the felony, sufficiently defines the offense. In the Miller Case, where an indictment charged an attempt to make and distill intox-

icating liquor by doing "certain overt acts towards the commission of such offense" it was held that the acts must be specifically averred. Again, it may be observed that one may commit an overt act toward the commission of making and distilling intoxicating liquor and without knowledge of the intent of the real offender, and therefore innocently. No statute sufficiently defined the offense of which the accused was sought to be charged in that case. In the Pruitt Case, where the defendant, a constable, was indicted for being drunk "when called upon to perform one of the duties of his office," it was held to be necessary to allege what duty he was called upon to perform. What constituted a duty of his office was a legal question, and the court, as well as the defendant, was entitled to know what supposed duty the defendant was called upon to perform in order that it could be determined whether a crime was charged at all. In the Shanks Case, where the defendant was charged with being drunk in "a public place," the character of the place was of the essence of the crime, and hence the necessity of designating the place in order that it could be determined as a matter of law whether the fact of being drunk was in violation of law. Likewise, the other cases referred to may be distinguished in their essential features from the present case. Moreover, it was expressly held in the case of State v. Southern Ry. Co., supra, that " 'where the language of the statute is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any other acts than those made unlawful,' it is sufficient 'to charge the offense by using only the words of the statute.' 'But where the act prohibited does not clearly appear from the language employed, or where, under certain circumstances, one may lawfully do the thing forbidden by the literal meaning of the words of the statute, it is not sufficient to indict by the use only of the statutory words.' " The act made unlawful under the statute, Code 1930, section 901 et seq.,

now under consideration is "aiding and assisting" a felon to escape, with intent so to do, after knowledge that he has committed the felony, and this clearly appears from the language employed, and there are no circumstances under which one may lawfully do the thing prohibited by the literal meaning of the words of the statute.

We have thus reviewed the authorities at greater length than would have been necessary to the decision of the present case, but with a desire only to illustrate the rule applicable in determining when it is or is not sufficient in an indictment to charge a crime in the words of a statute, or in words substantially equivalent thereto.

From the foregoing views, it follows that the action of the court below in sustaining the demurrer to the indictment must be reversed.

Reversed and remanded.