MEADOWS *v.* STATE.

Division A. May 7, 1951.

No. 37972 (52 So. (2d) 289)

**Edwards & Edwards,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Kyle, J.**

The appellant, Richard Meadows, Jr., was indicted, tried and convicted in the circuit court of Simpson County on a charge of failing to stop an automobile which he was driving, and which was alleged to have been involved in an accident resulting in the death of Mrs. Granville Shoemake, at the scene of the accident, and of failing to return to and remain at the scene of the accident until he had fulfilled the requirements of Section 38, Laws 1938, c. 200, Section 8163 of the Mississippi Code of 1942, and give his name and address, and the registration number of the vehicle which he was driving, and render reasonable assistance to the person injured in said automobile accident.

The accident occurred on January 1, 1950, one mile south of Weathersby on Highway No. 49. Randall Shoemake was driving his automobile south on Highway No. 49, and his wife, Mrs. Irene Shoemake (otherwise identified in the record as Mrs. Granville Shoemake), and their two children and Bobby Ray Warren were in the car with him. The accident occurred about 4:15 o'clock p.m. The appellant was travelling in the same direction in a Buick automobile and was travelling at a rate of speed about 45 or 50 miles an hour. The appellant attempted to pass Shoemake's automobile, and as he attempted to pass Shoemake's automobile, he saw another automobile approaching from the south. The appellant according to the State's witnesses pulled his car back into the right lane and in doing so struck Shoemake's automobile and knocked Shoemake's automobile across the center line

of the highway. The automobile approaching from the opposite direction and driven by E. D. Ponder of Mendenhall struck Shoemake's automobile on the right side. Mrs. Irene Shoemake was killed instantly, and Shoemake and the children were injured.

The appellant, when the Shoemake car was knocked across the center line of the highway and into the path of the car approaching from the south, drove his car to the right of the Shoemake car and over on the shoulder and continued his course down the highway. The appellant did not stop his car at the scene of the accident and did not return to the scene of the accident to give his name and address and the registration number of the vehicle which he was driving, or to render assistance to the persons injured in the accident.

The foregoing facts were proved by the testimony of Shoemake, Ponder and Bobby Ray Warren.

The defendant and his wife, and two other witnesses who were riding in the car with the defendant at the time of the accident, testified that they knew nothing of the wreck until they read an account of the wreck in the newspaper on the following day. The defendant claimed that the Shoemake car brushed his right fender when the driver of the car pulled over to the left. The defendant denied that he knew anything about the accident in which Mrs. Shoemake was killed until he read an account of the accident in the newspaper on the day following the accident. The defendant admitted that there was a small dent on his own car. The defendant and his witnesses denied that they heard the collision or knew that any collision had occurred.

The defendant filed a demurrer to the indictment and alleged as grounds for demurrer that the indictment was vague and indefinite, that the indictment failed to state the place where the accident occurred, or the highway on which the accident occurred, or the persons alleged to have been injured, and that the indictment failed to

inform the defendant of the nature of the offense charged. The court overruled the demurrer.

In his assignment of errors the appellant alleges as grounds for a reversal of the judgment of the lower court the failure of the court to sustain the demurrer to the indictment and error in the granting of one instruction requested by the state and in refusing to grant two instructions requested by the defendant. The appellant also assigns as error the refusal of the court to grant the peremptory instructions requested by the appellant.

We think that the action of the court in overruling the demurrer to the indictment was proper. █ It was not necessary that the indictment show the highway on which the accident occurred or describe the scene of the accident, or show the extent of the injuries of the persons involved in the accident. It was not necessary that the indictment allege that the accident occurred on a highway. Most motor vehicle accidents do occur on a highway. But the terms of the statute are broad enough to cover motor vehicle accidents which result in the injury or death of a human being, whether such accidents occur on the highway or elsewhere.

In the case of Salazar v. State, 145 Tex. Cr. R. 478, 169 S. W. (2d) 169, the Texas Court of Criminal Appeals had under consideration a statute similar to our own; and in that case the court held that an indictment which charged the defendant with failing to stop and render aid to a person whom the defendant had struck with his automobile was not defective for failing to allege that the defendant was driving on a public highway at the time of the alleged accident, since the statute was not intended to apply only to public highways. In commenting upon the provisions of the statute the Court said: "We find no difficulty in reaching a conclusion that Article 1150 of the Penal Code applies to an offense which it describes, whether the crime is committed on a public highway, a private drive, or one's individual property. Within the State of Texas there are thousands of miles

of private roadways, through ranch and forest and were at the time of the original enactment, upon which automobiles travel. If it had been intended to apply the law only to public highways, undoubtedly the legislature would have so indicated, as it has specifically done in the case of drunk driving and numerous other offenses. In the absence of some restriction or of language which would make it apply to public highways alone, we may be assured that the legislature intended for the law to apply at any place where such collisions may occur.''

Neither do we think that the indictment is insufficient to inform the defendant of the nature of the offense charged against him. The indictment charges the offense in the language of the statute and identifies the accident as the accident which resulted in the injury and death of Mrs. Granville Shoemake. The indictment states plainly what the defendant was required under the statute to do at the time of the accident but failed to do. ██ ██ '' 'Where the language of the statute is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to any other acts than those made unlawful,' it is sufficient 'to charge the offense by using only the words of the statute.' '' State v. Southern Ry. Co., 112 Miss. 23, 72 So. 837, 838; State v. Needham, 182 Miss. 663, 180 So. 786, 116 A. L. R. 1100.

██ ██ The appellant complains that the court refused to grant two instructions requested by him to the effect that the jury could not convict the defendant on the indictment unless they were convinced beyond every reasonable doubt that the defendant ''contributed to the accident as alleged in the indictment'', or ''did some act which was the proximate cause, or which was a contributing cause of the accident'', and that he left the scene of the accident knowing that an injury had occurred by reason of said accident. The court committed no error in refusing to grant the instructions in the form thus requested. ██ ██ The statute makes it

mandatory for the driver to stop such vehicle at the scene of the accident. The provisions of the statute are not limited in their application to the persons who have "contributed to the accident", in the sense that such persons must be shown to have been at fault or to have been guilty of negligence, which was a contributing or proximate cause of the accident. It is the duty of the driver of any vehicle involved in an accident resulting in such injury to comply with the requirements of the statute; and one of the main purposes of the statute is to enable the persons injured and the officers investigating the accident to determine who was at fault, and to compel the driver of the car involved in the accident to render humanitarian assistance to the persons injured, whether he was guilty of negligence in the operation of his vehicle at the time of the accident or not.

Finally, the appellant also assigns as error the action of the court in refusing to grant the peremptory instruction requested by the appellant. But there was no error in the court's refusal to grant the peremptory instruction. The State's proof, which was accepted by the jury, was sufficient to warrant the jury in finding the defendant guilty as charged. The judgment of the circuit court is therefore affirmed.

Affirmed.