MACK S. ELMORE ET AL. v. STATE OF MISSISSIPPI.

ROAD CONTRACTOR.    *Neglect of duty.    Laws* 1900, *p.* 153, *ch.* 119, *sec.* 10.
        *Criminal law.    Indictment.*

> An indictment against a road contractor for neglect of duty in suf-
> fering a highway to be out of repair, under laws 1900, p. 153, ch.
> 119, sec. 10, making the same a misdemeanor, is demurrable if it
> fail to charge that the board of supervisors—
>
> (a) Had elected to work the highways by public contract; or,
> (b) Had divided them into convenient links; or,
> (c) Had let the contract for their working for not less than two nor
>     more than four years, by sealed bids, or at public outcry to the
>     lowest bidder who would give bond in double the amount of his
>     bid for the performance of his contract; or, if it fail to charge
> (d) That the defendant was a road contractor, and had become such
>     under said law; or,
> (e) The facts of the case constituting the neglect of duty.

FROM the circuit court of Holmes county.

HON. WILLIAM F. STEVENS, Judge.

Elmore and his partner, Johnson, appellants, were indicted,
tried and convicted of a misdemeanor, under laws 1900, p. 153,
ch. 119, sec. 10, and appealed to the supreme court.    Their
demurrer to the indictment was overruled by the court below,
and this was assigned as error in the supreme court.

*Noel & Pepper* and *H. H. Elmore*, for appellants.

The truth of the averments of the indictment may be con-
ceded and yet appellants be guilty of no offense.    If "what is
charged may be true, and yet the defendant may not be guilty
of the offense contemplated," the indictment is bad.    *State* v.
*Bardwell*, 72 Miss., 535.

An indictment must be "so specific as to give notice of the
act made unlawfully, and so exclusive as to prevent its applica-

tion to any other acts than those made unlawfully." *Sullivan* v. *State*, 67 Miss., 346.

The indictment should have stated for how long the road was in bad repair. The contractor cannot prevent washouts, and must have a reasonable time to get over his roads and mend them. "Neglecting to keep a road in good repair and condition" is no more specific than "neglecting his duty." If anything, it is more general, for the law will not impose an impossible thing, even where the promisor undertakes and contracts to perform it. As to the necessity of particularity in an indictment, see *Finch* v. *State*, 64 Miss., 461; *Rawls* v. *State*, 70 Miss., 739; *Sullivan* v. *State*, 67 Miss., 346; *State* v. *Bardwell*, 72 Miss., 535; Wharton Crim. Pl. and Pr., secs. 220, 221.

The road law of 1900 is the only law visiting a negligent contractor with a criminal punishment. That law is an optional law, depending on the recorded will of the board of supervisors of each county for its vitality. Section 11 of the act.

Section 11 of the law complies with sec. 85 of the state constitution, which is as follows: "The legislature shall provide by general law for the working of public roads by contract or by county prisoners, or both. Such law may be put into operation only by a vote of the board of supervisors in those counties where it may be desirable." From the reading of the indictment how can any court know whether this road law of 1900 is in the dormant stage in which the law makers left it, or whether it had been quickened into life by the act of the supervisors? The indictment should allege that there is an order of the board of supervisors to that effect. Proof of the existence of that fact is a prime requisite of conviction. In logical sequence, the existence of the order of the board would be the first fact to be established by evidence. It is the base upon which the prosecution must erect its case.

In the fact that the late road law is optional, it is similar to

the liquor local option law. The optional feature of the road law differs from the optional feature of the liquor law in that the power of option in the former is vested in the board of supervisors, and not with the people of the county. Speaking of the local option act of 1886, having the sufficiency of an indictment for the unlawful sale of intoxicants under consideration, the supreme court, in *Norton* v. *State*, 65 Miss., 301, say: " No punishment could be inflicted under the local act until it was put in force by an election; and whether the act has been put into operation by the result of an election held for that purpose in any county is a matter of fact which must be charged in the indictment and proved on the trial for its violation. See also *West* v. *State*, 70 Miss., 598; *Loughridge et al.* v. *State*, 3 So. Rep., 367.

By virtue of § 1621, Code of Mississippi of 1892, the court is now required, in prosecutions for the unlawful sale of intoxicants, to take judicial notice of the result of local option elections. But in other instances the circuit court can no more take notice of an order of the board of supervisors' court than it can of an order of the chancery court.

*Monroe McClurg*, attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

The indictment alleges that the defendants, being under contract to keep public road No. 11 in good repair, did unlawfully neglect said duty, and suffered it to remain in bad repair. Section 10, ch. 119, acts 1900, makes a contractor liable as for a misdemeanor for neglecting his duty; but the contractor must be a person who has become such under that act. And by that act it is necessary that the board of supervisors elected to work the public roads by contract, divide them into convenient links, let the contract for their working for not less than two nor more than four years, by sealed bids or by public outcry, to the lowest bidder who will give bond in double his bid for the perform-

ance of his contract. Now, none of these matters is alleged in the indictment, as it is necessary under the rules of pleading they should be, and it must be obvious that it is utterly defective, on that account. . It must be manifest also that the indictment is defective in not stating the conditions under which the defendants would be liable to punishment. *Finch* v. *State,* 64 Miss., 461 (1 South., 630), for under the present indictment they might be convicted of suffering the link of road to be out of repair on the very day they made their contract, which would be manifestly absurd; and the legislature will not be ·presumed to do an absurd thing. It would be unjust to punish them for the nonrepair of their road before they could be guilty of any negligence, and a ·presumption will not be indulged that the legislature intended to do so. The misdemeanor intended to be created by sec. 10, ch. 119, acts 1900, was probably· that specifically described by § 1143, code 1892, as to overseers suffering their road to be out of repair for more than ten days, unless hindered by extreme bad weather or other unavoidable cause. However that may be, it is manifest that the indictment here is too indefinite to constitute a criminal charge, and the acts and facts necessary to constitute these defendants road contractors under ch. 119, acts 1900, are not alleged, though vital to the proceeding.

*Reversed and remanded.*