STATE OF MISSISSIPPI *v.* GEORGE H. BURKETT ET AL.

1. CRIMINAL LAW. *Road Contractor. Laws* 1900, *p.* 153, *ch.* 119. *Failure to work roads. Indictment.*

 An indictment against a road contractor, under Laws 1900, p. 153, ch. 119, empowering the board of supervisors in its discretion to have the highways worked by contract, is demurrable if it fail to charge that the law for working the roads by contract had·been put in operation in the county.

2. SAME. *Judicial notice. Orders of board of supervisors.*

 The courts do not take judicial notice of the orders of boards of supervisors placing said law in force in their respective counties.

FROM the circuit court of, first district, Carroll county.

HON. WILLIAM F. STEVENS, Judge.

Burkett and another, appellees, were indicted, as road contractors, for failing to work the public roads of Carroll county. Their demurrer to the indictment was sustained by the court below, and the prosecution dismissed. The state appealed to the supreme court.

Section 11 of the act under which appellees were indicted, the law for the working of public roads by contracts, is in these words: "The provisions of this act shall not apply to any county in the state, except by an order of the board of supervisors to that effect, same to be duly entered on the minutes of said board."

*J. N. Flowers,* assistant attorney general, for appellant.

*Southworth, Hughston & McEachen,* for appellees.

The court below very properly sustained the demurrer of appellees to the indictment against them. The indictment fails to allege such matters and facts as are necessary to be alleged under our law. It is an attempt to charge appellees with hav-

ing violated chapter 119 of the Acts of 1900, and fails to charge
that said act was put in operation by a vote of the board of
supervisors of Carroll county, as required by sec. 85 of the Con-
stituton of 1890. It fails to charge that said board of super-
visors elected to come under the provisions of said act by an
order of the board of supervisors to that effect duly entered on
the minutes of said board as provided by sec. 11 of chapter 119
of the Acts of 1900. This is necessary matter to be alleged in
the indictment, and without it, the indictment is defective and
the court cannot judicially know that said law was put into
operation. *Elmore* v. *State,* 81 Miss., 422; *Gilmore* v. *State,*
33 So. Rep., 112, 225, and cases cited therein. *Norton* v. *State,*
65 Miss., 301, in passing in a similar question under the local
option act the court says: "No punishment could be inflicted
under the local option act unless it was put in force by an elec-
tion; and whether the act has been put into operation by the
result of the election held for that purpose in any county, is a
matter of fact, which must be charged in the indictment and
proved on the trial for its violation."

CALHOON, J., delivered the opinion of the court.

On the authority of the case of *Gilmore* v. *State* (Miss.), 33
South., 171, and its citations, the demurrer to the indictment
was properly sustained. There is no averment that the law for
working the public roads by contract was put in operation in
Carroll county, and courts cannot judicially know that it was.
*Elmore* v. *State,* 81 Miss., 422.

*Affirmed.*