Ross *v.* State.*

(Division B.    June 9, 1924.    Suggestion of Error Overruled Sept. 15, 1924.)

[101 So. 289.    No. 23884.]

INDICTMENT AND INFORMATION. *Indictment held not bad for duplicity.*
    An indictment charging "that Joe Ross in said county, on the 9th day of April, A. D. 1923, did then and there willfully and unlawfully keep, operate and conduct a gambling house and unlawfully was interested in the conducting of a game of chance, by having a take-out of money, and by furnishing the table and implements for money and other valuable things, contrary to the form of the statute," etc., is not duplicitous; it being a good charge of keeping a gambling house, but insufficient to charge an offense under section 935, Hemingway's Code; section 1205, Code of 1906.

*Headnote 1.    Indictments and Informations, 31 C. J., section 334.

APPEAL from circuit court of Yazoo county.

HON. W. H. POTTER, Judge.

Joe Ross was convicted of keeping a gaming house, and he appeals. Affirmed.

*Holmes & Williams,* for appellant.

The indictment is bad for duplicity. The indictment contains but one count, and in such case only one offense can be charged. *Montgomery* v. *State,* 107 Miss. 518.

This indictment charges two things: (1) That the defendant did willfully and unlawfully keep, operate and conduct a gambling house. (2) That the defendant unlawfully was interested in the conducting of a game of chance by having a take-out of money, and by furnishing the table and implements for money and other valuable things. The keeping of a gambling house is an offense at common law, but not an offense under the Mississippi Statutes. See the Gaming Statutes of Mississippi, sections 933 to 945, inclusive, Hemingway's Code.

However, the keeping of a gaming house was at common law an indictable offense. 20 Cyc. 893. Being a common law offense and not being provided for by the statutes of this state, it is indictable as heretofore at common law. Sec. 1287, Hemingway's Code.

The act of being interested in a game of chance is not a common-law offense, but is purely a statutory offense, made so by section 935, Hemingway's Code. It is clear, therefore that the indictment charges two separate, distinct, and independent offenses, one an offense at common law, and the other an offense by statute, and that for each of said offenses a wholly different penalty is prescribed. It has been held that keeping a gambling house and gambling are different offenses. *State* v. *White,* 123 Iowa, 425, 98 N. W. 1027. It seems too clear for extended argument therefore that the indictment in the case at bar charges in only one count two separate distinct and independent offenses and is bad for duplicity.

*E. C. Sharp,* Assistant Attorney-General, for the state.

Appellant relies solely upon *Montgomery* v. *State,* 107 Miss. 518. There is a marked difference between the indictments. There was a direct contradiction between the first and second averments in the indictment in the Montgomery case. In the present case there is no contradiction. The indictment charges him with conducting a gambling house and further charges that he was interested in conducting a game of chance and set out the manner in which he was interested. 14 R. C. L. 194, announces the general rule. See *Clue* v. *State,* 78 Miss. 661; *Howard* v. *State,* 83 Miss. 378; 12 R. C. L. 741, 742.

We think the indictment valid and the act of the court in overruling the demurrer was proper.

Etheridge, J., delivered the opinion of the court.

The appellant, Ross, was indicted for keeping a gaming house; the indictment being in the following language, omitting the formal parts:

"That Joe Ross in said county, on the 9th day of April, A. D. 1923, did then and there willfully and unlawfully keep, operate and conduct a gambling house and unlawfully was interested in the conducting of a game of chance, by having a take-out of money, and by furnishing the table and implements for money and other valuable things, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

The indictment was demurred to and the demurrer overruled. The defendant was convicted and sentenced, from which conviction he appeals here.

It is urged that the indictment is duplicitous, in that it charges in the same count two separate offenses. It is said by the appellant that the keeping of a gambling house is an offense under the common law, but not an offense under the statutes of the state, and that under the gam-

ing statutes of the state, section 935, Hemingway's Code, section 1205, Code of 1906, it is an offense to be interested in a gaming table, and that the indictment charges an offense under section 935, Hemingway's Code, section 1205, Code of 1906; that the language in the indictment, "and unlawfully was interested in the conducting of a game of chance by having a take-out of money, and other valuable things," constitutes a second crime.

We think the indictment is good as an indictment for keeping a gaming house, but that it does not charge an offense as contended for by the appellant of being interested in conducting a game of chance. See *Rawls* v. *State*, 70 Miss. 739, 12 So. 584.

The judgment of the court will therefore be affirmed.

*Affirmed.*