### R. L. GANN v. THE STATE.

#### No. 1990. Decided June 13, 1900.

**1. Accessory—Aiding to Evade Arrest—Indictment.**

An indictment charging one as an accessory need only do so in the most general terms; and where it is charged that the accessory gave aid to a principal with the purpose that the latter might evade arrest for a crime, it is not necessary that the indictment should allege the character of aid rendered. Street v. State, 39 Texas Criminal Reports, 134, disapproved.

**2. Accessory to Theft of Cattle—Special Instruction as to Purchase.**

On a trial where defendant was indicted as accessory to the theft of one head of cattle, the court erred in refusing to give a special instruction to the effect that if defendant did no more than purchase the stolen animal they should acquit him.

**3. Accessory by Aiding to Evade Arrest—What Constitutes.**

The aid rendered by one party to another to evade arrest must be a personal aid given the principal to evade arrest. Where the principal had already fled the country and the act of defendant was to suppress testimony so that the principal might surrender himself and stand trial, this did not constitute defendant an accessory to the principal in the theft of the animal.

APPEAL from the District Court of Hamilton. Tried below before Hon. J. W. PARKER, Special Judge.

Appeal from a conviction of accessory to the theft of cattle; penalty, two years imprisonment in the penitentiary.

The indictment charged that one John M. Harris stole the animal which was the property of W. M. Savage, on the 1st of March, 1899.

The opinion sets out the other portion of the indictment which charges appellant as an accessory to the theft. The other important facts pertaining to the case are so clearly disclosed in the opinion as to supersede a further statement.

*J. C. Main* and *Eidson & Eidson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of being an accessory to the offense of theft of cattle, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant presented a motion in arrest of judgment on the ground that the indictment failed to allege an offense. The indictment, after setting out the offense of theft of said one head of cattle by John M. Harris, then proceeds as follows: "That the said R. L. Gann, * * * after the commission of said offense, * * * and well knowing that said offense had been committed by the said John M. Harris, and with the purpose and in order that the said John M. Harris might evade arrest for said offense so committed by him, did unlawfully and willfully give aid to the said John M. Harris." The objection here urged is that the indictment should have alleged the act of aid, and we are

referred to the case of Street v. State, 39 Texas Criminal Reports, 134, to sustain this contention. We would observe that said case went off on the proposition that the mere receiving of stolen property, knowing that the same was stolen, was not of itself sufficient to authorize a conviction of the person as an accessory to the theft of the property so received. It was, however, suggested in said opinion that an indictment charging one with being an accessory to an offense should set forth the act or acts done by him in aid of the principal offender, and not merely state the legal conclusion that said party did aid, etc. A closer examination of the authorities on this question indicates that an indictment charging one as an accessory need only do so in the most general terms. On this subject Mr. Bishop says: "It is in no case necessary to set forth the means by which the accessory after the fact received, concealed, or comforted the principal felon, for it is perfectly immaterial in what way the purpose of the one was effected, or the harboring of the other secured, as the means are frequently of a complicated nature, which would lead to great inconvenience and perplexity if they were always to be described upon the record." 2 Bish. Crim. Proc., sec. 8, subdiv. 3. It would seem, however, at common law that an accessory after the fact was confined to one who shielded the principal offender from prosecution by preventing his arrest or aiding in his escape, and did not extend to one who gave aid or assistance merely to defeat the prosecution. 1 Whart. Crim. Law, sec. 241. Under our statute (article 86, Penal Code), however, as construed in Blakely v. State, 24 Texas Criminal Appeals, 616, it would appear that the one who was guilty of perjury or subornation of perjury might be guilty as an accessory. It is not necessary, however, in this case, to discuss that proposition; the only question for our consideration being whether or not the indictment here sufficiently charges an offense against appellant, in that he aided the principal offender, John M. Harris, to evade arrest. The indictment, as has been seen, need not allege the character of aid rendered. We hold, in accordance with the authorities, that the indictment is sufficient.

Appellant asked a number of special instructions, which the court refused to give, and he reserved his exceptions. Among others he requested the court to instruct the jury, if appellant did no more than purchase the alleged stolen animal from Ogle, to acquit him. Under our view of the law, this instruction should have been given.

Indeed, the second requested special instruction should have been given, to the effect that, the evidence having wholly failed to show that defendant rendered any personal aid to John M. Harris to enable him to evade an arrest, to acquit him. An inspection of the record discloses that at the time of the transaction charged against appellant the said John M. Harris (his alleged principal) had already fled the country. The particular head of cattle which he is charged to have stolen some time prior to this had been sold by him through his brother Jim Harris

to the witness Ogle. Subsequent to this, when Savage, the owner of said animal, discovered the loss, and evidently had gotten track of the cow, John Harris (the alleged thief) doubtless became alarmed, and procured appellant to go to Ogle and repurchase the cow. At least, this was the theory of the State. The purchase was made by appellant, and the cow received by him, and the evidence on the part of the State tends to show that it was with knowledge by appellant that said cow had previously been stolen; and evidently, according to the theory of the State, the purpose of appellant in buying the cow, and getting possession of her, was to get the cow out of the way, in order that she might not be identified by the owner. But, concede this to the full extent claimed by the State, can it be contended that this was an act on the part of appellant in aid of John M. Harris to prevent his arrest? Bearing in mind that the aid must be a personal aid given to the principal to evade an arrest, the only charge contained in the indictment (see Reg. v. Chapple, 9 Car. & P., 355; 1 Am. and Eng. Enc. of Law, p. 267, and notes), it does not occur to us that this can be considered such. The principal had already fled, as has been before observed, and this act proved against appellant was, according to the State's theory, to get rid of the evidence against him, in order that he might defeat the prosecution, and would rather suggest that it was a suppression of testimony in order that the principal might surrender. Certainly, it can not be contended by any logical reasoning that this was an act on the part of appellant to enable his principal to evade arrest, on account of the alleged theft of said animal. It is not necessary to discuss whether or not it was an act to prevent a trial or a fair trial against said principal, because there is no such allegation in the indictment. We are confined simply by that to an act to prevent or evade an arrest, and it does not occur to us that the testimony in this case shows that. We accordingly hold that the requested charges should have been given. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*