Arlie Stepp v. The State.

No. 7997.   Decided January 2, 1924.

**1.—Accessory to Murder—Indictment.**

In an indictment for accessory to murder it is not necessary to set out with particularity the things done by the accused in aiding and assisting the principal in evading arrest or trial for the murder of the deceased. Overruling Street v. State, 39 Texas Crim. Rep., 134; Following Gann v. State, 57 S. W. Rep, 837.

**2.—Same—Practice in Trial Court—Accessory—Principal.**

There is no statement of facts filed, but from the record this Court knows that this appellant gave testimony in behalf of the State, upon which mainly rested the conviction of the principal. In view of the fact that appellant is now being prosecuted for his assistance given to the principal in secreting the body of the deceased, it appears the testimony of appellant must have been gratuitous on his part. He pleaded guilty in the case before us and the judgment must be affirmed.

Appeal from the District Court of Collin.  Tried below before the Honorable F. E. Wilcox.

Appeal from a conviction of murder as an accessory; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. L. Moulden,* for appellant.  Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State, *H. Grady Chandler,* County Attorney, and *W. C. Dowdy,* Assistant County Attorney, for the State.  On question of accessory, Harrison v. State, 153 S. W. Rep., 139 and cases cited in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Collin County of being an accessory to the murder of Hardy Mills, and his punishment fixed at five years in the penitentiary.

The indictment herein follows Willson's Criminal Forms No. 740 for charging one as an accessory.  A motion to quash the indictment was based on the proposition that failing to set out with particularity the things done by appellant in aiding and assisting Ezell Stepp in evading arrest or trial for the murder of Hardy Mills, the indictment contained but conclusions and was hence insufficient.  Street v. State, 39 Texas Crim. Rep., 134 is cited and relied on by appellant, and supports his contention.  The opinion in that case was written by Judge Henderson and makes no analysis of the proposition and

cites no authorities for his conclusion. Later in Gann v. State, 57 S. W. Rep., 837 the identical question was before the court and Judge Henderson again wrote and reviewed the Street case, supra, which was cited as authority by the appellant, and in the opinion said the case was disapproved, and on the authority of Mr. Bishop (2d Bishop's Crim. Procedure, Sec. 8, subdiv. 3) and other cases, this court announced that it was not necessary to set out the acts of the accused in drawing such an indictment, and that an indictment similar in all respects to that now before us was sufficient. This is approved and followed by a unanimous opinion in Harrison v. State, 69 Texas Crim. Rep., 291, 153 S. W. Rep., 138. We are constrained to agree with the doctrine of these later cases. The motion to quash was correctly overruled. There is no statement of facts filed herein but from our records we know that this appellant gave testimony in behalf of the State upon which mainly rested the conviction of Ezell Stepp for murder, upon which trial Ezell Stepp was given the death penalty. In view of the fact that appellant is now being prosecuted for his assistance given to Stepp in secreting the body of Hardy Mills, it appears that the testimony of appellant must have been gratuitous on his part. He pleaded guilty in the case before us. We have no option but to direct an affirmance and it is so ordered.

*Affirmed.*