ERNESTO LONGORIA
ABRAHAM RIOS
BEN RIOS
PETE DELAROSA
MATEO CAMARILLO
DOMINGO TORRES
GEORGE RAMIREZ V. STATE.

No. 26,665. January 20, 1954.
Rehearing Denied March 17, 1954.

*John J. Herrera* and *James DeAnda,* by *James DeAnda,* Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The seven appellants were jointly indicted for rape, and upon trial upon their pleas of not guilty, were each found guilty and assessed a punishment of 10 years in the penitentiary.

Each of the appellants signed a voluntary statement which

was introduced without objection. None of them testified except to show their qualification for a suspended sentence, which they had applied for.

The evidence shows that the prosecutrix, a 45 year old widow, referred to as "an American lady," was in company with a woman friend and two men at a pavilion in Palacios where they ate, drank some beer and played shuffle board.

The women had come to Palacios from their home in Alvin, and the prosecutrix had brought her two dogs and left them in the car.

It appears that a dance was in progress at the pavilion for Latin-Americans or Mexicans, and there were a number of such on the outside of the pavilion.

About 9:30 P. M. the prosecutrix and her male companion went to the car where the dogs were, it being the purpose of the prosecutrix to walk the dogs before she and her woman companion began their return trip to Alvin.

Within a few minutes the man returned to the pavilion, leaving the prosecutrix at the car alone with her dogs.

Shortly thereafter the prosecutrix found herself and her two dogs in another car in the company of the seven appellants. The car was driven for some distance and on to a side road where each of the appellants except Longoria, the driver of the car, had sexual intercourse with prosecutrix, one a second time.

The prosecutrix testified that she did not enter the car willingly but was unable to say just how she got there. She testified that she was walking her dogs when she was suddenly joined by some of the appellants, who are Latin Americans, one of whom paid attention to her dog who had a broken hip.

She testified further that she told the appellants they had made a mistake, told them who she was and where she lived; that she thought they had made a mistake and got the wrong woman; that she begged them to let her out—take her back to where her friend was waiting to take her home; that they said she was a woman and if she did what they wanted her to do they would not hurt her; that after that she put up no defense;

that she feared for her life—"just too many against me . . . I couldn't have a chance."

After finishing with her one of the appellants produced her purse from the turtle of the car, and when she got out of the car to get the purse appellants drove away and left her. They threw away the contents of the purse which they had removed, some of which were thereafter found.

The trial court submitted the case to the jury upon the law of rape by threats.

It is contended that the evidence is insufficient to show rape by threats or to show want of consent.

Appellant Longoria, who drove the car, said in his confession:

"Somewhere between 9:00 and 10:00 P.M. I was sitting in the car with Mateo Camarrillo, the rest of the boys came to the car and they had an elderly woman with them. She had two dogs. One of them was black and the other was kind of spotty white. These boys brought this lady to the car and I asked them where we were going and they said they were going to take the lady to Alvin, Texas. We all got into my car and left Palacios driving on the Bay City road. About six or seven miles out of Palacios we turned off of the main road onto a shell road. I drove down this road a short ways and the boys all told me to stop. When I stopped I heard this lady ask, 'Are you all going to beat me up?' I heard one of the boys tell her, 'You are a woman and you know what we want.' All six of the boys, Ben Rios, George Ramirez, Mateo Camarrillo, Pete Delarosa, Abraham Rios, and Domingo Torres had intercourse with this woman. I did not touch her myself."

Each of the other appellants confessed to having sexual relations with prosecutrix, but gave slightly varying accounts of what was said by her.

Appellant Abraham Rios related in his confession that the woman "asked if we were going to beat her up," and she said "You boys are not going to do anything to me are you?"

Appellant Ben Rios quoted her as saying "Are you all going to beat me up?" to which Appellant Torres replied "You are a woman and you know what we want."

Appellant Delarosa confessed that he heard prosecutrix say "If that's what you want, I don't have any choice," and also heard the statement attributed to Appellant Torres by Ben Rios. Delarosa also said that in reply to her questions they all told her they were not going to beat her up.

Appellant Ramirez confessed that prosecutrix became scared and asked if they "were going to beat her up," and heard Appellant Torres tell her "that she was a woman and that she knew what we wanted, and if she did as we told her she would not be beat up." Also that he heard prosecutrix say that she had no choice; she could not help herself.

The confession of Appellant Torres reads in part as follows:

"George Ramirez, Abraham Rios and myself walked to the car where this lady was and she called us. George Ramirez done the talking to this lady. . . . One of us, I don't remember which one, asked her if she wanted us to take her to Alvin, Texas. She stuttered a little but she did not answer yes or no, but she did get out of the car with her two dogs. We then walked along with this lady until we got to our car. When we got to our car the lady said, 'Oh, so many boys.' I had my arm around this woman's waist and I told her to get in the car. She got in the back seat with Ben Rios, Abraham Rios, George Ramirez, and myself, and Ernest Longoria was driving and Mateo Camarrillo and Pete Delarosa were in the front seat . . . This lady was scared and asked me if we were going to beat her up. I told her that we were not if she did what we told her to do. . . . I was holding her hand while all of the other boys were having intercourse with this lady. The only remark this lady made all during this time was that she didn't have any choice."

The court properly limited the consideration of the several confessions and instructed the jury that a confession could be considered only as against the defendant who made it, and must not be considered as evidence against the other defendants.

Each of the above mentioned confessions appears to corroborate the prosecutrix' version of the offense.

The remaining appellant, Mateo Camarrillo, in his confession said that in answer to Appellant Torres' statement "You are a woman and you know what we want," he heard the prosecutrix say, "If that's what you want, you can have it."

The trial court charged the jury as to the exculpatory statements found in this confession. The testimony of the prosecutrix is sufficient to prove the falsity thereof, and it is evident that the jury accepted her testimony as true.

If carnal knowledge of the prosecutrix by any one of the appellants, without her consent, was obtained by threats such as might reasonably create a just fear of death or great bodily harm, in view of the relative condition of the parties as to health, strength, and other circumstances of the case, then such appellant and those acting with him as principals were properly charged and convicted of rape by threats as defined in Arts. 1183 and 1185 of the Penal Code.

The prosecutrix testified that she did not consent, and submitted only by reason of fear for her life.

It is quite true, as she testified, "Possibly it would have looked better if I had put up a fight." But she testified also "If I had have put up a fight, I wouldn't have been here today, I don't think."

In the light of all of the circumstances and of the testimony of the prosecutrix we are not prepared to say that the statements and conduct of appellants were insufficient to constitute a threat such as might reasonably create a just fear of death or great bodily harm. She testified that it did cause her to fear for her life and it was because of this fear that she "put up no defense."

The prosecutrix reported the rape to the officers at the first opportunity and was described as being "very nervous"; "completely hysterical" and "completely disturbed"; that she was "wringing her hands" and was hysterical when she was brought to the officers by a passing motorist and when she rejoined her friends.

It is contended that the trial court erred in overruling appellants' motion for new trial on the grounds of newly discovered evidence.

The witness, whose testimony was claimed as newly discovered, testified on the motion for new trial. He was not present at the time of the offense but testified that prosecutrix was highly intoxicated; that she was not forced to enter the car with appellants, but appeared to have entered willingly, as contended by at least some of the appellants in their confessions.

The newly discovered evidence was in nature impeachment testimony. Also, it is not controlling whether the prosecutrix was forced into the car or whether she entered it voluntarily, without knowing the intention of appellants.

The newly discovered evidence being in the nature of impeachment evidence, the trial court did not err in overruling the motion for new trial.

Why appellants were jointly indicted; why no severance was claimed, though one of the confessions contained exculpatory matters while the others did not, excites our curiosity. But the controlling question is whether or not, under the law of principals, the evidence sustains the conviction of appellants for the offense of rape by threats.

Though the question is not without difficulty, we have reached the conclusion that the evidence is sufficient to sustain the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

### MORRISON, Judge.

Appellants earnestly urge that the court erred in failing to require the state to elect as to which act proven would be relied upon for conviction. In our original opinion we stated that our curiosity was aroused by the failure of any of the accuseds to claim a severance. The same is true as to the failure to move the court to require the state to elect or the failure to object to the court's charge because no election had been made. Since the question of election was not raised in the trial court, it cannot be raised here.

Appellants say that the prosecutrix got in the automobile in order to secure transportation, which they say she did not need, or for the purpose of having intercourse. We know not why the woman entered the automobile, but it is obvious to us from reading the entire record that she did not do so intending to have intercourse with these seven young men or with the knowledge that they intended to rape her.

Remaining convinced that we properly disposed of this cause originally, appellants' motion for rehearing is overruled.