JOHN EDWARD MCHENRY V. STATE

No. 28,145. October 3, 1956.

*Henry E. Doyle* and *Francis L. Williams*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, death.

A thirty-four year old mother of seven was awakened on the night in question and found a masked man standing between her bed and that occupied by her thirteen-month old son. She was silenced by threats of the intruder to kill her child with the open knife which he was brandishing. He forced her to disrobe the lower portion of her body and had intercourse with her against her will. The prosecutrix stated that she knew her assailant was a colored man because of his manner of speech, and she positively identified him within a short while after the assault from a police lineup consisting of several other colored men of his same approximate size from the manner in which he pronounced certain words.

Appellant's confession was introduced in evidence, and he testified that it was involuntary. Before we discuss the confession we would like to point to one piece of evidence which we consider telling; it is State's Exhibit No. 8. Prosecutrix kept her loose change and her daughter Beverly's Sunday School pledge envelopes in the room where she was assaulted. During the course of his stay her assailant demanded money of her. She did not give any to him, but upon his departure she discovered that her purse had been rifled and Beverly's Sunday School envelopes were gone. This package of envelopes numbered 1 to 182 was found in the home of appellant's friend Morris. Morris testified that the appellant often changed clothes at his house and that on the day after that charged in the indictment two colored police officers came to his apartment and took the appellant's clothes, a knife, a flashlight which belonged to him, and the package of envelopes which had been identified as State's Exhibit No. 8. It was stipulated that State's Exhibit No. 8 was forwarded by the rector of her church to Beverly at the address where the assault took place. Police officers who seized the appellant's personal belongings, which the appellant later admitted were his, and among them the package of envelopes at Morris' home, traced their custody, and they were identified at the trial.

Now to return to the confession: The appellant testified that he was twenty-three years old and had come from California some eight months before. He stated that he had not been regularly employed but had been "living high," buying his friends beer, tipping waitresses as much as three dollars at a time, and buying marijuana cigarettes for himself "through savings and through burglarizing houses" just prior to the day charged in

the indictment. He admitted that on the day after the assault, when he was arrested by the two colored officers, that he had in his possession eighteen marijuana cigarettes and had just taken a "cap and a half" of heroin. He admitted that the clothes found at Morris' home were his but denied any knowledge of the package of envelopes and denied the rape. He admitted that he had voluntarily confessed to seven burglaries but stated that the confession to the rape was coerced from him by threats and brutality.

All the police officers who had any contact with the appellant during the short time following his arrest and prior to the making of his confession were called and denied the threats and brutality. Bill Trent of the Houston Chronicle testified that he talked to the appellant immediately after the confession was made, saw no indication of violence, and received appellant's assurance that he had not been mistreated by the officers who had interrogated him. Several photographs of the appellant were taken soon thereafter, were introduced in evidence, and corroborated Trent's testimony.

Able counsel have submitted a careful brief in his behalf.

We have been cited a number of cases on the question of the voluntary nature of the confession. In discussing the facts of such cases, the appellant gives only his version of what transpired and overlooks the testimony of the peace officers.

It has long been the rule in the Supreme Court of the United States and in this court that it is only when there is undisputed evidence which would render the confession inadmissible that the same becomes inadmissible as a matter of law. Linsenba v. Calif., 314 U.S. 219, 62 S. Ct. 620, 86 L. Ed. 166; Lyons v. Okla., 322 U.S. 596, 64 S. Ct. 202, 88 L. Ed. 1481; Petry v. State, 158 Tex. Cr. Rep. 658, 258 S.W. 2d 808; Sampson v. State, 160 Tex. Cr. Rep. 303, 268 S.W. 2d 661; Parsons v. State, 160 Tex. Cr. Rep. 387, 271 S.W. 2d 643 (cert. den. 348 U.S. 837, 99 L. Ed. 660, 75 S. Ct. 36).

In the case before us here there is no such undisputed evidence and, the jury having passed upon the disputed facts under an appropriate charge, the confession is admissible.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.