## JOSEPH B. LOUVIER V. STATE

No. 29,043. June 19, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*John Cutler,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is that of being an accomplice to the crime of robbery; the punishment, 8 years.

We quote from the appellant's confession as follows:

"I have known Johnny Kirk since 1952. I have known Floyd

Ray (Curly) Drake about a year and a half. I run into Johnny Kirk out on the Beaumont highway on Tuesday, December 11, 1956, about three oclock in the evening. He told me that he wanted to use my car that night to go up in the country to get some money from a bootlegger. He told me he wanted to use my car to pull a job. I knew what he was going to do with it. He said he was going to rob a bootlegger and he needed a car and that he would fix me up for letting him use the car. I told him O.K. to go and get it. He knew where it was. My car that he used was a 1947 Lincoln, 4 door, black. He had never used my car before to pull a job that I know of. The next morning at about 7 o'clock Johnny Kirk and Curly Drake came out to Josephines Motel on Telephone road, where I had spent the night with a hustling girl named Jackie. This Motel is right next to the Chicken House on Telephone road, I think it is Josephines, but I might have the name wrong. I had rented a room there in the name of J. B. Franklin. I stayed there for three days. I had told Johnny the day before where I was staying. When Johnny and Curly got there we went in the kitchen and Johnny Kirk gave me $100 for using my car the night before. I asked them how much they had got out of the job and they said they had got $2200. Then they left. Then I read in the paper about the job being pulled near Garrison and knew that was the one they had pulled. On Thursday I went home and my wife said that Johnny had got the car and had also got my 25 caliber pistol, a automatic. I told her that I had loaned the car but not the pistol. That evening I saw Johnny Kirk at the B. & H. grocery on the Beaumont highway. The next day my wife told me the law had been to my house looking for me and then I went looking for Johnny. I found him there at the B. & H. grocery and told him that I had to have some more money to pay a lawyer because I was hot on that job. If I hadnt got hot on the job and needed a lawyer I would have been satisfied with the $100. Johnny got $100 from Curly and gave me $100 hiself and gave it to me. The next day I told him I needed some more and Johnny gave $190 and Curly gave me $50. That made $540 that I got out of the job they pulled for them using my car. I have spent all of this $540 since then. I agev a lawyer $150 of it. I give my wife about $160 and just spent the rest. I lost $210 playing poker. The pistol that Johnny borrowed is at my house in Houston now. This is the 25 automatic that he got when he got the car. I buy my gasolene from a negro that runs an Humble station up on Setticus street. I trade there on credit and he gives me a pink carbon copy of the bill when I buy gas there I just put these in the glove compartment of the car and usually have several in there just loose * * * *"

In addition to the above, the State introduced in evidence the confession of John Henry Kirk, which recounted how he and two others had told the appellant that they "were going to rob a bootlegger and needed his car for the job," how they had proceeded to Rusk County in the appellant's automobile, robbed the injured parties at gun point, returned to Houston, and paid the appellant a part of the proceeds of the robbery.

The injured parties testified about the robbery and their losing $2,200.00.

A gasoline sales ticket made out to the appellant was found at the injured parties' front gate, and this was followed by all the parties being taken into custody.

The appellant called two witnesses who testified that he was in the city of Houston at the time of the robbery.

Appellant's wife testified that John Henry Kirk had borrowed the appellant's automobile on the night in question and had returned it the next day.

Appellant, testifying in his own behalf, denied any knowledge of the robbery and stated that his confession had been involuntary.

The state's evidence shows that the appellant was in the custody of the officers from Rusk County from the time they left Houston until the confession was made and that no one else had the opportunity to question him. The appellant testified that he was questioned by certain city officers from Center in Shelby County who he stated inflicted acts of brutality upon him. Since the Rusk County officers denied that the appellant ever left their custody or that any coercion or brutality was inflicted upon him, there remained no undisputed evidence in the record which would render the confession inadmissible under the rule announced by the Supreme Court of the United States and recognized by this court. See McHenry v. State, 163 Texas Cr. Rep. 436, 293 S.W. 2d 773, and cases there cited. The jury, under an appropriate charge, found against the appellant on the issue of the voluntary nature of his confession, and we find the evidence sufficient to support the verdict.

We shall discuss the contentions advanced by appellant's eminent attorney in brief and argument.

A motion to quash that portion of the indictment upon which the case went to the jury was filed. It alleged that the appellant "did unlawfully and wilfully prepare and furnish aid" to the principal offender. Appellant contends that it did not apprise him of the kind or nature of the aid he was alleged to have furnished. The indictment is in substantial compliance with Willson's Criminal Forms, 6th Edition, section 2314. This court has held in Gann v. State, 42 Texas Cr. Rep. 133, 57 S.W. 837; and Stepp v. State, 96 Texas Cr. Rep. 264, 257 S.W. 250, that in charging the offense of being an accessory to crime the indictment need not allege the character of aid rendered in assisting the principal.

Complaint is made concerning the testimony of Officer Swann about certain oral statements made by the appellant while under arrest as to the whereabouts of a .25 caliber pistol. The appellant asserts that Swann already had information about the pistol from other sources before he questioned the appellant. The record reflects that Swann and the other officers had information that such a pistol was in existence, but a question of fact was raised as to whether they had information as to its identity or location before the appellant pointed out the same to them.

The court in his charge submitted this fact issue to the jury and told them to disregard the oral statements of the appellant if they believed or had a reasonable doubt that the officers had such knowledge prior to receiving the same from the appellant.

The cases relied upon by the appellant are not here controlling.

The most serious question presented relates to the admission of certain portions of the confession of John Henry Kirk, who was the principal charged in the indictment. The appellant concedes that Kirk's confession was admissible to prove that Kirk committed the robbery, but contends that portions thereof which implicated the appellant were inadmissible and that the court's charge did not properly protect the appellant from the harmful effect thereof.

We find the general rule expressed in Branch's Annotated Penal Code, 2nd Edition, section 93, page 100, as follows:

"Where on the trial of defendant, it becomes necessary to show guilt of another, and admissions or confessions of such

other, whether made in defendant's presence or not or whether made before or after the commission of the offense are admissible to show the guilt of such other person, *but such proof must be limited in the charge to the purpose for which it was introduced.*"

In the case at bar, the court charged, in part, as follows:

"You are further instructed that if any evidence has been introduced before you in the nature of an admission or confession by John Henry Kirk to the effect that he, the said John Henry Kirk commi*ted* the offense of robbery in and upon Bill Crump as alleged in the second count of the indictment herein, then such testimony shall not be considered by you as any evidence that the defendant Joseph E. Louvier had any knowledge of such robbery, if any, by the said John Henry Kirk prior to the commission of the same; *of* that he, the said Joseph B. Louvier, unlawfully and wilfully prepared and furnished aid to the said John Henry Kirk for the purpose of assisting the said John Henry Kirk in the commission and execution of the said offense, if it was committed."

We find no objections leveled to this portion of the charge.

We shall discuss the authorities upon which the appellant relies. In Browney v. State, 128 Texas Cr. Rep. 81, 79 S.W. 2d 311, this court held that where the principal testified upon the trial and the State also introduced his confession the trial court erred in failing to tell the jury that his confession could not be used to corroborate his testimony. While it is true that the court in that opinion did say, "Statements in the confession of the principal which relate solely to the guilt of the accomplice, and which throw no light on the principal's actions, should be excluded," we do find that in both the original opinion and the opinion on rehearing the error upon which the case was reversed was the error in the charge as above set forth, and such case is not therefore authority which will support the appellant's contention that the admission of certain portions of the principal's confession constitutes reversible error.

Ex parte Herring, 122 Texas Cr. Rep. 57, 53 S.W. 2d 607, has no application here because Slaughter, whose confession was introduced, was not the principal but was an accomplice, and therefore the above rule had no application.

In Ex parte Suger, 149 Texas Cr. Rep. 133, 192 S.W. 2d

159, the question before the court was whether the offense was bailable. That case merely reiterates the general rule, set forth above, that the confession of the principal was admissible only to show his guilt and should be limited to that purpose.

In Longoria et al v. State, 159 Texas Cr. Rep. 529, 265 S.W. 2d 826, all the accuseds were principals, and we there again gave application to another general rule to the effect that the confession of one accused would not be admissible against another, which is a far cry from the rule presently under consideration, that is, that since it is necessary to show the guilt of the principal, his confession is admissible for that purpose.

We have been cited no authority, nor are we aware of any, which holds it reversible error for the court to admit portions of the principal's confession which shows the guilt of the principal and also implicates the accomplice if, in his charge to the jury, they are instructed that such confession may not be used to prove the guilt of the accomplice.

Since the rule quoted above from Branch is supported by many authorities, and we know of none to the contrary, we feel impelled to be bound thereby and overrule the appellant's contention in this regard.

Finding no reversible error, the judgment of the trial court is affirmed.

DAVIDSON, Judge, dissenting.

This case was assigned, originally, to Commissioner Belcher for the writting of the opinion therein.

After studying the record, Judge Belcher drew an opinion in which he recommended that the case be reversed and the cause remanded.

I agreed to and approved that opinion, and here adopt it as my dissenting opinion in this case:

Judge Belcher's opinion is as follows:

"The conviction is for the offense of being an accomplice to the crime of robbery with firearms; the punishment, eight years in the penitentiary.

"The indictment alleges only John Henry Kirk as the principal offender although the evidence shows that two other persons participated with him in the actual commission of the robbery.

"The state introduced in evidence appellant's written statement showing his knowledge of the robbery and how he was implicated in it as an accomplice. The voluntary nature of this confession became a disputed issue in the trial but was resolved against him by the jury under an appropriate charge.

"The state next introduced into evidence the written statement of John Henry Kirk which showed, first, that he, with two others, committed the offense of robbery, and it next related the facts and circumstances showing the details of the connection and guilt of the appellant as an accomplice to the robbery. Such facts and circumstances were not necessary to connect John Henry Kirk, as a principal, with the commission of the robbery, because his written statement had theretofore fully related facts showing his guilt and their elimination would not impair or render incomplete the confession showing the robbery.

"Appellant complains of the action of the trial court in admitting in evidence, over his objection that they were hearsay, that they were not necessary to the proof of the robbery alleged to have been committed by John Henry Kirk, and that said portions of said written confession were prejudicial to him, portions of the written confession of John Henry Kirk, a principal offender, showing appellant's guilt as an accomplice—which, in part, reads as follows:

" 'That afternoon I run into Joseph Boone Louvier, who we call Frenchy, and I told him that we needed a car to go up in the country in. I told him that we were going to rob a bootlegger and needed his car for the job. I told him I would fix him up if the job came off alright. He told me I could borrow his car. * * * We each shipped in enough to pay Frenchy Louvier $100 for the use of his car. * * * I took the $100 to give Frenchy for the use of his car and gave it to him later in the day. * * * I left Frenchy's 25 automatic pistol that we had used in the job there at the house when we took his car home. * * * On Friday I saw Frenchy Louvier and he said he would have to have some more money since he was hot on the job and I gave him $100 and Curly Drake give him $100. The next day he said he had to have some more money and I give him $190 and Curly

gave him $50 more. That made $540 he got for us using his car on the job. He know what job we had pulled and how much we had got * * * .' "

"Only the appellant is here on trial—on trial for the offense of being an accomplice to robbery with firearms.

"John Henry Kirk, one of the three principals, did not testi-by in the case.

"Nowhere in the court's charge are the above quoted and complained of portions of John Henry Kirk's written statement relating to appellant's guilt as an accomplice excluded from the consideration of the jury.

"The confession of the principal offender is admissible on the trial of an accomplice not for the purpose of proving the guilt of the accomplice but for the purpose, solely, of proving the guilt of the principal. 1 Branch's P.C., 2d Edition, 100, Sec. 93; 2 McCormick and Ray, Texas Law of Evidence, 96, Sec. 1219.

"In referring to the cases holding that the confession of the principal may be used on the trial of the accomplice to fix the principal's guilt, we said, in Browney v. State, 128 Texas Cr. Rep. 81, 79 S.W. 2d 311, at p. 314:

" 'The cases holding that the confession of the principal may be used on the trial of the accomplice to fix the principal's guilt * * * go no further than to give effect to the general rule that the admissions or confessions of the principal (if they would be admissible if the principal were on trial) are admissible on the trial of the accomplice, not for the purpose of proving the guilt of the accomplice, but for the purpose solely of proving the guilt of the principal. See White v. State, 10 Texas App., 167; Smith v. State, 91 Texas Cr. Rep. 15, 237 S.W. 265.' "

"In Smith v. State, 91 Texas Cr. Rep. 15, 237 S.W. 265, we said:

"Statements in the confession which might relate solely to the guilt of the accomplice, and which throw no light on the principal's actions, should be excluded.' "

"John Henry Kirk's confession was admissible to prove that he was the robber as alleged, but it was not admissible to prove that the appellant was an accomplice to the robbery. The state-

ments in the confession connecting appellant with the acts of Kirk, the principal offender, and showing appellant's guilt as an accomplice were not admissible against him under the facts of this case and were reasonably calculated to be hurtful and prejudicial to him. The admission of such statements in evidence over appellant's objection was error."

To Judge Belcher's opinion I make these additional observations:

There is perhaps no rule of law more firmly established than that which prohibits the introduction of hearsay testimony, especially when the hearsay testimony relates to the guilt of the accused.

Such was the hearsay testimony that the state introduced, over appellant's objection, when it read into the evidence the written confession of the accomplice witness Kirk showing that appellant was guilty of the offense charged, i.e., being an accomplice to the robbery committed by Kirk.

Under all the rules of evidence of which I am aware, appellant's objection should have been sustained. I do not understand that either the state or the majority opinion holds to the contrary, but they insist that the trial court's instruction to the jury cured the error.

Appellant's objection was to the admission of the evidence. He did not sit by and wait until the evidence had gone before the jury to object; he did everything he could do to protect himself against the admission of illegal and harmful evidence. His rights, then, should be judged by the objection made and his endeavor to keep the jury from hearing the hearsay evidence in the first instance.

Has the time come when the state can, over a proper and timely objection, get before the jury testimony which is illegal and harmful to the accused and escape reversible error in so doing by the court's instructing the jury not to consider the illegal and harmful evidence? If so, then an objection to the admission of testimony means nothing, and the trial court can admit illegal and harmful evidence at his pleasure so long as he instructs the jury not to consider the testimony.

If the testimony was inadmissible and was not to remain

with the jury, it ought not to have been admitted in evidence in the first instance.

To follow the doctrine that the withdrawal of the evidence cured the error and relieved the appellant of any injury as a result thereof would be, in my opinion, the same as saying that a stab wound is cured when the knife is withdrawn.

The inadmissible testimony was so prejudicial as that its harmful effect could not be cured by a withdrawal of the evidence from the jury.

I respectfully dissent.