Frank Robert CITIZEN, Floyd Jackson and Carl Edward Johnson, Appellants,

v.

The STATE of Texas, Appellee.

No. 43444.

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

Bob Heath, Houston, for appellants.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, life imprisonment for Floyd Jackson, twenty years imprisonment for Willie Leroy Ayers, and fifteen years imprisonment for Frank Robert Citizen, Floyd Jackson and Carl Edward Johnson.

Floyd Jackson, Carl Johnson and Frank Citizen appealed.

Appellants contend that the evidence is not sufficient to show that the prosecutrix put forth every reasonable resistance to the rape. The evidence shows that the prosecutrix used every means within her power to thwart the purpose of her assailants.

One Clements and his teenage date were parked a short distance from her home on the night in question. The appellants parked nearby. On their first visit to the Clements automobile, they discussed the type of music being played on the tape deck. They then departed. When Clements saw that they were returning, he instructed his date to lock the door and drive away while he got out to delay the assailants. She was unable to start the automobile. In turn, two or more of them kicked and beat Clements and threatened him with an iron jack to keep him from returning to his car. Citizen, threatening to break the car window next to the prosecutrix, forced her to open the door, then pulled her out of the automobile.

The prosecutrix engaged in conversation with the appellants in an attempt to prevent harm to Clements. Clements likewise, tried to divert attention from his date, hoping that the intruders would just rob him and leave the girl unharmed. At this point, several of the attackers pinned the prosecutrix against the open car door, began to kiss and fondle her, then removed her bell-bottom pants and her undergarments. They then laid her across the front seat of the car. When she attempted to kick and hit them, Floyd Jackson and Johnson held her legs. Floyd Jackson then forcibly raped her, while restraining her arms. When Jackson began to rape her, she screamed, and Clements then grabbed Jackson by the neck of his sweater. Clements was jerked away by several of the assailants, including Citizen, and Jackson continued the sexual attack. Shortly thereafter, Floyd Jackson or Johnson fondled the prosecutrix, then the attackers left the scene. During this incident, Citizen stole Clements' tape deck. His wallet and money were also taken.

The appellants did not testify or offer any evidence in their behalf.

█ We hold that under the facts here shown, the prosecutrix exerted all power within her means to avoid the attack,

Longoria v. State, 159 Tex.Cr.R. 529, 265 S.W.2d 826.

 Appellants' second ground of error is that the court erred in failing to give their requested charge which would have instructed the jury to acquit if they had a "reasonable doubt as to whether or not the prosecutrix did put forth her utmost resistance to prevent said carnal intercourse. * * *"

There was no question of consent involved in this case, and all the evidence showed that the rape was accomplished by force. In light of the facts involved in this case, it was not error for the court to fail to charge the jury on the amount of resistance necessary on the part of the prosecutrix.

Finding no reversible error, the judgments are affirmed.

ODOM, J., not participating.