NUMBER 13-05-759-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALBERTO LOPEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza



Appellant, Alberto Lopez, was indicted for the offense of aggravated sexual assault
of a child, P.L. See Tex. Pen. Code Ann. § 22.021(2)(A)(1) (Vernon Supp. 2006). Appellant
pleaded not guilty to the offense. A jury found appellant guilty and assessed punishment
at 45 years' imprisonment. In three issues, appellant challenges his conviction contending
that the trial court erred (1) in providing the jury with an Allen charge, (2) by allowing the
State to proceed without electing which of two incidences of alleged sexual assault it was
relying on for the conviction, and (3) in limiting the cross-examination of A.L.M. For the
reasons that follow, we affirm the judgment of the trial court. 

I. Allen Charge

 By his first issue, appellant argues that the trial court erred in giving a premature and
coercive Allen charge. (1) An Allen charge is given to instruct a deadlocked jury to continue
deliberating. See Allen v. United States, 164 U.S. 492, 501 (1896). The use of such a
charge under these circumstances has been approved by the court of criminal appeals. 
Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). We review the decision to
give an Allen charge under an abuse of discretion standard. See United States. v.
Wickersham, 29 F.3d 191, 194 (5th Cir. 1994). The primary inquiry is the coercive effect
of such a charge on juror deliberation in its context and under all circumstances. Howard,
941 S.W.2d at 123. 

 The record shows that the jury began deliberating punishment on December 1, 2005,
at 3:57 p.m., and recessed at 5:00 p.m. The jury resumed deliberations the next day at
9:00 a.m., when it sent out a note to the court asking, "if a jury can't agree on a sentence,
what would happen next?" In response, the court proposed to answer as follows: 
"Members of the jury, if a jury cannot agree on punishment, a mistrial is declared on
punishment only and another jury would be impaneled to decide punishment." Appellant's
trial counsel objected to the response as being overly prejudicial. The trial court overruled
the objection and submitted its response to the jury. The jury reached a verdict at 12:05
p.m. 

 Texas courts have held that a trial court does not err by giving an Allen charge, even
before a jury has unequivocally indicated it is deadlocked. In Loving v. State, 947 S.W.2d
615, 620 (Tex. App.-Austin 1997, no pet.), the jury deliberated almost five hours, and did
not indicate it was in disagreement or deadlocked in reaching a verdict, when it requested
certain testimony be read by the court reporter. The trial court, on its own initiative, then
submitted an Allen charge. Id. at 619. The court of appeals held this was not error. Id. at
620.

 Appellant argues the Allen charge was premature because the jury had not indicated
it was unable to agree on an appropriate punishment. However, the trial court could have
reasonably concluded from the jury's note it was unable to agree on a verdict on
punishment. Further, the length of time in which a jury is allowed to deliberate rests within
the sound discretion of the trial judge. Deluna v. State, 711 S.W.2d 44, 48 (Tex. Crim. App.
1986). (2) We hold the trial court's decision to give an Allen charge to the jury was not an
abuse of discretion, given the length of time the jury had deliberated on a punishment
verdict and the jury's indication, through its note, it was having difficulty reaching a
unanimous and specific verdict.

 We further conclude that the court did not shade the instruction with coercive
nuance; rather, the court simply told the jurors that if they could not agree on punishment,
a mistrial is declared on punishment only and another jury would be impaneled to decide
punishment. Informing the jury that a mistrial may result is not, of itself, coercive. Stanton
v. State, 535 S.W.2d 182, 184 (Tex. Crim. App. 1976); Arrevalo v. State, 489 S.W.2d 569,
570-72 (Tex. Crim. App. 1973); see Howard, 941 S.W.2d at 124-25. Appellant has failed
to present evidence of coercion caused by the Allen charge. See Bledsoe v. State, 21
S.W.3d 615, 623 (Tex. App.-Tyler 2000, no pet.) (stating that if an Allen charge is not
coercive on its face, appellant has the burden to show that jury misconduct occurred in fact);
Love, 909 S.W.2d at 936; Davis v. State, 709 S.W.2d 288, 291 (Tex. App.-Corpus Christi
1986, pet. ref'd). Appellant simply speculates that "[w]hile coercion by particular jury
members cannot be assumed, it cannot be discounted either" and that the Allen charge
"may have had an unnecessary coercive effect . . . ." Appellant's first issue is overruled.

II. Election

 In his second issue, appellant contends the trial court erred when it failed to require
the State to elect a specific act it would rely upon for the indicted offense. (3)
 Specifically,
appellant argues this error denied him of his right to have a unanimous jury verdict. The
State asserts that appellant failed to preserve the issue for appeal because he did not
request an election. 

 Generally, where an indictment alleges one instance of sexual assault and the trial
evidence shows more than one instance, the State must elect, upon motion of the accused,
the offense upon which it relies for conviction. O'Neal v. State, 746 S.W.2d 769, 771 (Tex.
Crim. App. 1988). Where no motion to elect is made, the State is not required to make an
election and no error is implicated. Scoggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim.
App. 1990); O'Neal, 746 S.W.2d at 770 n.3; Crawford v. State, 696 S.W.2d 903, 906 (Tex.
Crim. App. 1985); Mayo v. State, 17 S.W.3d 291, 298 (Tex. App.-Fort Worth 2000, pet.
ref'd). A defendant cannot complain on appeal of the State's failure to make an election
where the defendant neither moved the court to require the State to elect, nor objected to
the court's charge because no election had been made. See Longoria v. State, 159 Tex.
Crim. 529, 265 S.W.2d 826, 829 (1954); see also O'Neal, 746 S.W.2d at 771 n.3. 

 In the present case, appellant never requested that the State make an election. 
Since no request was made, we hold that appellant failed to preserve his complaint
concerning any charge error based on a lack of jury unanimity. See O'Neal, 746 S.W.2d
at 770 n.3; Scoggan, 799 S.W.2d at 680 n.3; Crawford, 696 S.W.2d at 906; Mayo, 17
S.W.3d at 298. (4) Accordingly, we overrule appellant's second issue. 

III. Confrontation Clause

 In his second issue, appellant contends the trial court abused its discretion by not
allowing him to cross-examine A.L.M., his older sister and the victim's aunt, regarding a
prior incident of sexual abuse against the victim by the victim's stepfather, J.L. We review
a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. 
Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). An appellate court will not
reverse a trial court's ruling unless that ruling falls outside the zone of reasonable
disagreement. Id. Absent an abuse of discretion, we do not disturb a trial court's ruling on
the admissibility of evidence. See Wyatt v. State, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).

 The Sixth Amendment guarantees a criminal defendant the right to be confronted by
the witnesses against him. See U.S. Const. Amend VI. The Confrontation Clause is made
applicable to the States by the Fourteenth Amendment. Shelby v. State, 819 S.W.2d 544,
546 (Tex. Crim. App. 1991); see U.S. Const. Amend. XIV. A primary interest secured by
the Confrontation Clause is the right of cross-examination. Lopez v. State, 18 S.W.3d 220,
222 (Tex. Crim. App. 2000). Cross-examination is a cornerstone of the criminal trial
process; thus, a defendant must be given wide latitude to explore a witness's story, to test
the witness's recollection of events, and to impeach his or her credibility. Love v. State, 861
S.W.2d 899, 904 (Tex. Crim. App. 1993). However, a trial court has wide latitude to impose
reasonable limits on cross-examination based on concerns about "harassment, prejudice,
confusion of issues, the witness's safety, or interrogation that is repetitive or only marginally
relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); Lopez, 18 S.W.3d at 222.

 Rule 608 of the Texas Rules of Evidence governs the admissibility of evidence aimed
at impeaching a witness's credibility. Tex. R. Evid. 608. Rule 608(b) expressly forbids the
use of specific instances of conduct for purposes of impeachment of a witness's credibility
except to "expose bias or interest, rebut affirmative representations made on direct
examination, or to demonstrate a lack of capacity." Lagrone v. State, 942 S.W.2d 602, 613
(Tex. Crim. App. 1997). However, courts have held that if a complainant has made a prior
false allegation of sexual assault, that in some situations these statements are admissible
even though specific acts of misconduct are generally inadmissible. See Lopez, 18 S.W.3d
at 225-26; Hughes v. State, 850 S.W.2d 260, 262-63 (Tex. App.-Fort Worth 1993, pet.
ref'd); Rushton v. State, 695 S.W.2d 591, 594 (Tex. App.-Corpus Christi 1985, no pet.). 

 The record reflects that the substance of appellant's offer of proof by way of A.L.M.'s
testimony was that J.L., who is A.L.M.'s older brother and the victim's stepfather, had raped
A.L.M. when she was younger and had also done "things" to her three daughters and two
boys. A.L.M. testified that she believed J.L. had also molested P.L. because P.L. had
previously told her that J.L. gave him twenty-dollars because J.L. had touched him, but then
P.L. recanted his comment. There is no evidence in the record to support a prior false
allegation of sexual abuse by the victim. At best, all that is shown is A.L.M.'s belief that
because J.L. had previously committed sexual assault against her and her children he, and
not appellant, must have been the one who sexually assaulted P.L. Other than the
recanted comment by P.L. about J.L. having touched him, there is no evidence that he ever
made a complaint regarding any alleged prior sexual assault by J.L. Further, there is no
evidence that P.L. made a prior false accusation of sexual assault. Thus, appellant sought
to impeach the victim's credibility by asking questions about specific conduct regarding an
alleged prior sexual assault. See Tinlin v. State, 983 S.W.2d 65, 69 (Tex. App.-Fort Worth
1998, pet. ref'd).

 To determine whether evidence must be admitted under the Confrontation Clause,
the trial court should balance the probative value sought to be introduced against the risk
of the evidence's admission. Lopez, 18 S.W.3d at 225. Based on the record presented,
the line of cross-examination sought by appellant would not have explained any animus,
bias, or ill motive on the part of the victim to fabricate the details of his assault. Any
evidence likely to be obtained through such questioning would not have rebutted the victim's
testimony that appellant sexually assaulted him. The trial court reasonably concluded that
the evidence likely to be obtained from appellant's questioning would unduly prejudice and
confuse the jury. See id. at 226.

 Accordingly, we hold the trial court did not abuse its discretion in refusing to allow
appellant to cross-examine A.L.M. regarding a totally separate allegation of sexual abuse
that the victim had made against his stepfather. We overrule appellant's third issue.

 The judgment of the trial court is affirmed.


 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 24th day of August, 2006.
1. We note that, on appeal, although appellant also challenges the giving of the Allen charge as a
violation of article 36.16 of the code of criminal procedure, appellant's trial objections did not mention nor in
any way implicate article 36.16. See Tex. Code Crim. Proc. art. 36.16 (Vernon 1981). The objection did not
alert the trial court that appellant would thereafter on appeal challenge the giving of the Allen charge as a
violation of article 36.16. Only the trial objections made by appellant are preserved for our review. See Tex.
R. App. P. 33.1. Nonetheless, we note that the court of criminal appeals, without regard for article 36.16, has
long approved the submission of Allen charges.

 
2. In the guilt and innocence phase of trial the same jury deliberated from 11:45 a.m. to 12:00 p.m.
then from 1:30 p.m. to 2:52 p.m., about one hour and thirty minutes, before returning a guilty verdict. During
the punishment phase, the jury deliberated about one hour before sending out the note. 
3. The indictment alleged only one act of sexual assault, which was "on or about the 22nd day of
October, 2004." The evidence revealed a possible second act of assault. 

4. Appellant admits he did not ask for an election but insists that we should conduct a substantial right
analysis. However, because he did not preserve the complaint for review, we decline to conduct the analysis. 
See Tex. R. App. P. 33.1.